THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT D. LUCKETT, Defendant-Appellant.

Third District    No. 3—97—0183

Opinion filed March 30, 1998.

344

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, and Susan K. Lucas, of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

Following a jury trial, the defendant, Robert D. Luckett, was found guilty of second degree murder (720 ILCS 5/9—2(a) (West 1996)). He was sentenced to 20 years in the Illinois Department of Corrections (DOC). On appeal, the defendant contends: (1) the jury's verdicts of guilty of second degree murder and not guilty of ag-

gravated battery with a firearm (720 ILCS 5/12—4.2(a) (West 1996)) are legally inconsistent; (2) the trial court erred in sentencing the defendant under the Unified Code of Corrections (Code) (730 ILCS 5/1—1—1 et seq. (West 1996)) rather than the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 et seq. (West 1996)); and (3) his counsel was ineffective for failing to file a postsentencing motion. After carefully reviewing the record on appeal, we affirm.

At trial, the evidence showed that on August 7, 1996, the defendant and several of his friends were loitering around a convenience store when the victim pulled his truck into a nearby alley. The defendant and his friends approached the truck and began a conversation with the victim. One of the defendant's friends looked toward the defendant, who said to sell the victim some rock cocaine, he's "OK." The victim then purchased $20 of rock cocaine. At the end of the transaction, the defendant pulled a gun and fired a shot into the truck. The bullet struck the victim, killing him. According to the defendant, the victim owed him money from a previous drug sale. When the defendant reminded the victim of the debt, the victim bent over and appeared to be reaching for something under the seat in the vehicle. The defendant then jumped back from the window of the truck and fired into the cab to scare the victim.

The defendant was charged with first degree murder (720 ILCS 5/9—1(a)(2) (West 1996)), armed violence (720 ILCS 5/33A—2 (West 1996)) and aggravated battery with a firearm (720 ILCS 5/12—4.2(a) (West 1996)). In addition to these offenses, the jury was instructed on second degree murder (720 ILCS 5/9—2 (West 1996)) and involuntary manslaughter (720 ILCS 5/9—3 (West 1996)). The jury found the defendant not guilty of armed violence and aggravated battery with a firearm but guilty of second degree murder.

Following the trial, the State moved to sentence the defendant as an adult rather than a juvenile. The State's motion was granted over the defendant's objection.

At the sentencing hearing, the presentence report indicated that the defendant was 15 years old. He had been expelled from eighth grade for nonattendance. However, the defendant was performing well in the freshman-level classes he was taking at the juvenile detention center. The report showed that the defendant's sole prior conviction was for a traffic offense.

In aggravation, the State presented the testimony of several individuals. One witness testified that the defendant had stolen his bicycle. Another witness testified that the defendant had stolen her car. Other witnesses testified concerning the defendant's involvement in another drug-related shooting death. At the conclusion of the hearing, the trial judge sentenced the defendant to 20 years in the DOC.

The defendant initially argues on appeal that the jury rendered legally inconsistent verdicts when it found the defendant guilty of second degree murder and not guilty of aggravated battery with a firearm. The defendant claims that these inconsistent verdicts cannot be reconciled under the law of the State of Illinois.

■ Legally inconsistent verdicts occur when the charged offenses arise out of the same set of facts and, by acquitting the defendant of one offense while convicting him of the other, the jury necessarily finds both the existence and nonexistence of an identical element of each offense. *People v. Austin*, 264 Ill. App. 3d 976, 979, 637 N.E.2d 585, 587 (1994). As a general rule, verdicts that convict and acquit a defendant of crimes composed of different elements, but arising out of the same set of facts, are *not* legally inconsistent. *People v. Klingenberg*, 172 Ill. 2d 270, 274, 665 N.E.2d 1370, 1373 (1996).

■ A defendant commits the offense of second degree murder when he commits the offense of first degree murder but acts under a sudden or intense passion resulting from serious provocation or an unreasonable belief that the circumstances justified his conduct. 720 ILCS 5/9—2(a) (West 1996). A defendant commits first degree murder when he: (1) performed the act which caused the death of the victim without lawful justification; and (2) knew that his act created a strong probability of death or great bodily harm to the victim. 720 ILCS 5/9—1(a)(2) (West 1996). A defendant commits aggravated battery with a firearm when he "in committing a battery, knowingly or intentionally by means of the discharging of a firearm *** causes any injury to another person." 720 ILCS 5/12—4.2(a) (West 1996).

■ It is clear that the offenses of second degree murder and aggravated battery with a firearm contain at least one differing element. Aggravated battery with a firearm requires the defendant to *knowingly cause an injury* to the victim. Second degree murder *does not* require the defendant to know that he has or will injure the victim; it requires *only* that he know that his act creates a strong probability of death or great bodily harm. In addition, second degree murder requires that the defendant's act be the result of sudden and intense passion or an unreasonable belief that the defendant's acts were justified.

■ Here, in the instant case, it appears that the jury believed the defendant's story about shooting into the cab for the sole purpose of scaring the victim. The jury apparently believed that the defendant was not aware that his shot would injure or harm the victim. As a consequence, the jury found the defendant not guilty of aggravated battery with a firearm. Nevertheless, the defendant did know that shooting a bullet into the truck created a strong probability of death

or great bodily harm even if the defendant maintained his unreasonable belief that his conduct was justified. Moreover, in this case, the defendant's act of shooting into the cab caused the victim's death. As a result, the jury properly found the defendant guilty of second degree murder. From our review, we conclude that the jury verdicts of not guilty of aggravated battery with a firearm and guilty of second degree murder are not legally inconsistent under the applicable law of this state.

Next, the defendant contends that the trial court erred in sentencing him as an adult pursuant to the Code instead of as a juvenile under the Act. The defendant notes that one of the charges against him—first degree murder—was the basis for trying him as an adult rather than as a juvenile. See 705 ILCS 405/5—4(6)(a) (West 1996). He contends, however, that because he was acquitted of the offense for which he was tried as an adult, it was error for the trial judge to sentence him as an adult.

Section 5—4(6)(a) of the Act provides that a minor who was at least 15 years old at the time of the offense and is charged with first degree murder *shall* be prosecuted as an adult. 705 ILCS 405/5—4(6)(a) (West 1996). Moreover, even if the minor is *not* convicted of first degree murder but is instead convicted of a lesser offense, the conviction remains valid although he was tried as an adult. 705 ILCS 405/5—4(6)(c)(ii) (West 1996). However, in that situation, the minor must be sentenced as a juvenile *unless* the State moves to sentence the minor as an adult and the trial court finds that such sentencing is appropriate. 705 ILCS 405/5—4(6)(c)(ii) (West 1996). In making its determination on the State's motion to sentence a minor as an adult, the court shall consider: (a) whether there is evidence that the offense was committed in an aggressive and premeditated manner; (b) the minor's age; (c) the minor's previous history; (d) whether there are facilities particularly available to the juvenile court or the juvenile division of the Department of Corrections for the rehabilitation and treatment of the minor; (e) whether the best interest of the minor and the security of the public require the minor to be sentenced as an adult; and (f) whether the minor possessed a deadly weapon while committing the offense. 705 ILCS 405/5—4(6)(c)(ii) (West 1996).

The trial court is bound to consider the specific criteria set forth in the Act. *People v. Ollins*, 231 Ill. App. 3d 243, 247, 606 N.E.2d 192, 196 (1992); see also *People v. Clark*, 119 Ill. 2d 1, 12, 518 N.E.2d 138, 143 (1987). However, no one factor is determinative nor must each factor be given equal weight. See *People v. Martin*, 285 Ill. App. 3d 623, 631, 674 N.E.2d 90, 95 (1996). Moreover, not all of the statutory criteria must be resolved against the minor to justify treating him as

an adult. See *People v. Sistrunk*, 259 Ill. App. 3d 40, 48, 630 N.E.2d 1213, 1219 (1994). Where the record shows that the trial court considered all the factors and its determination is not an abuse of discretion, then the ruling will be affirmed on appeal. See *Martin*, 285 Ill. App. 3d at 631, 674 N.E.2d at 95.

▪ Here, the record shows that the State properly moved to sentence the defendant as an adult. Thereafter, the trial court reviewed the evidence relating to the statutory factors. Considering the first factor, the evidence showed that the defendant approached the victim with a loaded gun during a drug transaction. The defendant instigated an argument with the victim regarding an alleged drug debt. When the victim made what the defendant thought was a suspicious movement, the defendant fired his weapon into the cab of the truck. From these facts, the trial court could properly find the defendant committed the crime in an aggressive and premeditated manner.

The trial court reviewed the second and third factors of the Act. The evidence showed that, at the time of the shooting, the defendant was 15 years old with no prior criminal record other than a traffic offense. In making its ruling, the trial court did not specifically refer to the fourth factor, which is the availability of treatment or rehabilitation services in the juvenile court or the juvenile division of the DOC. However, the fourth factor was mentioned to the trial judge by both the prosecutor and defense counsel. As far as the fifth factor, the defendant's actions clearly indicate a need to protect the public by sentencing the defendant as an adult. Finally, under the sixth factor, the evidence showed that the defendant had used a deadly weapon while committing the offense.

From our review of the record on appeal, we conclude that the trial court properly considered the statutory factors contained in the Act. We further conclude that the trial court did not abuse its discretion when it determined the defendant should be sentenced as an adult.

In conclusion, the defendant contends that his trial counsel was ineffective for failing to file a postsentencing motion. Both parties agree that no postsentencing motion was ever filed. Because no postsentencing motion was filed below, the defendant cannot argue on appeal that his sentence was an abuse of discretion. See *People v. Reed*, 177 Ill. 2d 389, 394, 686 N.E.2d 584, 586 (1997).

▪ The law is clear that ineffective assistance of counsel is proven when: (1) counsel's representation falls below an objective standard of reasonableness such that the trial results were unreliable; and (2) the defendant is prejudiced by the unprofessional conduct. *People v.*

*Albanese*, 125 Ill. 2d 100, 106, 531 N.E.2d 17, 19 (1988). If the court on review can determine that the defendant suffered no prejudice, then it need not consider whether counsel's representation was deficient. *Albanese*, 125 Ill. 2d at 106, 531 N.E.2d at 19.

The statutory sentencing range for second degree murder is 4 to 20 years. 730 ILCS 5/5—8—1(a)(1.5) (West 1996). Sentencing is a matter of judicial discretion; a sentence imposed by the trial court will not be disturbed on review absent an abuse of that discretion. *People v. Streit*, 142 Ill. 2d 13, 18-19, 566 N.E.2d 1351, 1353 (1991). A sentence that falls within the statutory guidelines will not be overturned on appeal unless it is manifestly disproportionate to the nature of the offense. *People v. Nussbaum*, 251 Ill. App. 3d 779, 783, 623 N.E.2d 755, 758 (1993).

Here, in the instant case, the evidence showed that the defendant was deeply involved in the business of illegal drug trafficking. In fact, on the night of the victim's murder, the defendant was apparently in charge of determining who could buy drugs from the individuals who were conducting street sales. In the course of the drug transactions on the night in question, the defendant produced a loaded gun in an effort to scare the victim. Instead of scaring him, the defendant shot and killed the victim. Also, the State produced evidence at the sentencing hearing linking the defendant to a second drug-related murder. Moreover, the State produced further evidence that the defendant had stolen from others and appeared nonchalant about his criminal activities. In light of these facts, we cannot say that the trial court's sentence was manifestly disproportionate to the nature of the offense. Consequently, we find no abuse of discretion. Additionally, we find that the defendant was not prejudiced by his attorney's failure to file a postsentencing motion. From our review of the entire record, we conclude that the defendant was not deprived of his constitutional right to the effective assistance of counsel.

For the reasons stated, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER and LYTTON, JJ., concur.