*In re* Keri B., a Minor (The County of Will, Petitioner-Appellant, v. Keri B., Respondent-Appellee).

Second District   Nos. 2—01—0371, 2—01—0372, 2—01—0373, 2—01—0374 cons.

Opinion filed February 28, 2002.

Jeffrey J. Tomczak, State's Attorney, of Joliet (John A. Urban and Barbara N. Petrungaro, Assistant State's Attorneys, of counsel), for appellant.

N. Scott Conger, of Brucar, Conger & Yetter, P.C., of Glen Ellyn, and Nancy J. Wolfe, Assistant State's Attorney, of Wheaton, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

In this consolidated appeal, the County of Will (Will County) appeals from an order entered by the circuit court of Du Page County requiring Will County to pay one-quarter of the residential placement costs for minor Keri B. The sole issue before us is whether, under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et seq.* (West 2000)), the circuit court of Du Page County has the authority to order Will County, a county outside of its circuit, to pay a portion of the residential placement costs for a minor who resides in Will County. We hold that the circuit court does have such authority.

The record reveals that four original delinquent petitions were filed against Keri B. in Du Page County. The first three petitions alleged that Keri B. committed criminal offenses in Du Page County and also resided in Du Page County. The fourth petition alleged that Keri B. committed a criminal offense in Du Page County and resided in Will County. The court adjudged Keri B. delinquent, made her a ward of the court, and appointed her probation officer as her guardian.

At Keri B.'s sentencing hearing, the court sentenced her to three years' probation under the supervision of the Du Page County probation department and, pursuant to section 5—740 of the Act (705 ILCS 405/5—740 (West 2000)), ordered her to complete a residential placement program selected by the Du Page County probation department. The court further ordered that Will County was responsible for the entire cost of the residential placement. Will County then appeared before the circuit court and filed a motion to vacate the court's order, arguing that the court exceeded its authority in requiring Will County to pay for Keri B.'s residential placement. Reasoning that Keri B. was a resident of Will County only at the time the fourth original delinquent petition was filed, the trial court amended its order to require Will County to pay one-quarter of the residential placement costs and Du Page County to pay three-quarters of the costs.

Will County filed a timely notice of appeal from the trial court's order. No response brief has been filed. Nonetheless, we choose to address the merits of the appeal because the record in the case is simple

and the issues are such that we can easily resolve them without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

■ The issue before us is one of statutory interpretation. The Act "is a comprehensive statutory scheme which creates rights and duties that have no counterparts in common law or equity." *In re D.D.*, 196 Ill. 2d 405, 416 (2001). When, as in this case, a court's authority to act is controlled by statute, the court is governed by the rules of limited jurisdiction and must proceed within the stricture of the statute. *In re Detention of Hayes*, 321 Ill. App. 3d 178, 192 (2001). We review *de novo* whether a trial court's order falls within the authority the legislature has granted. *Hayes*, 321 Ill. App. 3d at 192.

■ This court's role in construing a statute is to give effect to the legislature's intent. *D.D.*, 196 Ill. 2d at 418. We must first examine the statute's language. *D.D.*, 196 Ill. 2d at 419. When the language is plain and unambiguous, courts may not read in exceptions, limitations, or other conditions. *D.D.*, 196 Ill. 2d at 419. We may also consider "the reason and necessity for the law, the evils to be remedied, and the objectives to be attained." *Cummins v. Country Mutual Insurance Co.*, 178 Ill. 2d 474, 479 (1997). In addition, we will presume that the legislature did not intend to create an absurd or unjust result. *Cummins*, 178 Ill. 2d at 479.

■ To determine the legislature's intent regarding the scope of a court's authority to order the payment of a minor's residential placement costs, we must examine sections 6—7 and 6—8 of the Act (705 ILCS 405/6—7, 6—8 (West 2000)). Section 6—7(1) of the Act requires the county board of each county in the State to set aside annually a reasonable sum for payments for the care and support of minors. 705 ILCS 405/6—7(1) (West 2000). Section 6—7(2) further provides that "[n]o county may be charged with the care and support of any minor who is not a resident of the county unless his parents or guardian are unknown or the minor's place of residence cannot be determined." 705 ILCS 405/6—7(2) (West 2000).

■ A court's authority to order a county to pay for a minor's residential placement is derived from section 6—8 of the Act (705 ILCS 405/6—8 (West 2000)). Section 6—8(3) provides in relevant part:

> "The court may, when the health or condition of any minor subject to this Act requires it, order the minor placed in a public hospital, institution or agency for treatment or special care, or in a private hospital, institution or agency which will receive him without charge to the public authorities. If such treatment or care cannot be procured without charge, the court may order the county to pay an amount for such treatment from the fund established pursuant to Section 6—7." 705 ILCS 405/6—8(3) (West 2000).

Notably, section 6—8(3), and the rest of section 6—8 as well, speaks only generally of "the court" and "the county" and does not indicate that a court may only order counties within its own circuit to pay for a minor's treatment. Pursuant to section 6—7(2) it is clear that "the county" referred to in section 6—8(3) must be the county in which the minor resides, provided that none of the exceptions apply. Nowhere, though, does the act specify that "the court" and "the county" must be in the same circuit for section 6—8(3) to apply. Accordingly, we conclude that the language of section 6—8(3) is plain and unambiguous and does not limit the circuit court's authority in the manner suggested by Will County.

■ Moreover, limiting the circuit court's authority in the manner Will County suggests would not be consistent with the reason and necessity for the Act, the evils to be remedied, and the objectives to be attained. Such a limitation would in fact frustrate the legislative intent of the Act, and of sections 6—7 and 6—8 in particular, in cases where a delinquent petition is filed against a minor in a county that is in a judicial circuit different from the minor's county of residence and the court determines that residential placement is required. In such a situation, section 6—7(2) would bar the court from ordering the county in which the petition is filed to pay the relevant costs because the minor is not a county resident. Further, under Will County's interpretation, the court could not order the county where the minor resides to pay the costs because that county is not within the same circuit as the court. Consequently, the court would be powerless to order the proper county to pay the minor's residential placement costs. Such a result would contravene the legislature's clearly expressed intent that the county of a minor's residence shall be responsible for paying the costs associated with the minor's court-ordered treatment. See 705 ILCS 405/6—7(1), (2) (West 2000). In addition, we note that Will County does not challenge the circuit court's authority to order Keri B. into residential placement. It would make little sense to conclude that the Act provides the court with the authority to order Keri B. into residential placement but does not provide it with the authority to order payment for her treatment.

Will County argues that sections 6—1(1), 6—2, 6—4(2), and 6—5 of the Act (705 ILCS 405/6—1(1), 6—2, 6—4(2), 6—5 (West 2000)) provide support for its position. We disagree. Section 6—1 requires the chief judge for each circuit to provide for probation services for each county in his or her circuit. Section 6—2 allows two counties in the same judicial circuit to form a joint probation district. Section 6—4(2) enables a chief judge of the circuit court to appoint a director of the psychiatric department for any county or probation district in the

circuit. Section 6—5 addresses compensation of probation department personnel. These sections of the Act refer to certain responsibilities or activities that are particular to each circuit, but they do not demonstrate that the legislature intended to restrict a circuit court's ability to enter an order under section 6—8(3) to counties within the court's own circuit.

Accordingly, for the reasons stated, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

HUTCHINSON, P.J., and GEIGER, J., concur.