THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH E. BRAZEE, Defendant-Appellant.

Second District   No. 2—01—0332

Opinion filed August 21, 2002.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Mary Ellen Dienes, of Des Plaines, for the People.

JUSTICE CALLUM delivered the opinion of the court:

Defendant, Kenneth E. Brazee, pleaded guilty to criminal sexual assault (720 ILCS 5/12—13(a)(1) (West 1992)). In exchange for the guilty plea, the State nol-prossed an additional charge of aggravated criminal sexual assault (720 ILCS 5/12—14(b)(1) (West 1992)). There was no agreement about defendant's sentence, however, and the trial court imposed an 11-year prison term. In an earlier appeal, *People v. Brazee*, 316 Ill. App. 3d 1230 (2000) (*Brazee I*), we vacated the judgment and remanded the cause with directions that the trial court sentence defendant to time served under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et seq.* (West 1996)). On remand, the court sentenced defendant accordingly, but ruled that defendant stood convicted of a criminal offense even though he was sentenced as a juvenile under the Act. Defendant challenges that ruling in this appeal. We conclude that the judgment must be modified to reflect that defendant was adjudicated a delinquent minor and that the conviction must be vacated.

Defendant was born on July 4, 1977, and he was originally charged by complaint late in September 1998 when he was 21 years old. An indictment was returned about three weeks later charging defendant as follows:

"The Grand Jury Charges:

COUNT I

That between the 4th day of July, 1992 and the 30th day of November, 1995, *** [defendant] committed the offense of AGGRAVATED CRIMINAL SEXUAL ASSAULT, in that the said defendant, who was 17 years of age or older, knowingly committed an act of sexual penetration with [D.K.], who was under 13 years of age when the act was committed, in that the said defendant placed his penis in the anus of [D.K.], in violation of 720 ILCS 5/12—14(b)(1). Class X

COUNT II

That between the 4th day of July, 1992, and the 30th day of November 1995, *** [defendant] committed the offense of CRIMINAL SEXUAL ASSAULT in that the said defendant knowingly committed an act of sexual penetration with [D.K.] by use of force, in that said defendant placed his penis in the anus of [D.K.], in violation of 720 ILCS 5/12—13(a)(1). Class 1"

As noted, defendant pleaded guilty to criminal sexual assault and was sentenced to an 11-year prison term. Defendant did not move to withdraw his plea, but he did move for reconsideration of his sentence, arguing that it was excessive in light of his background and the nature and circumstances of the offense. The trial court denied the motion. In his first appeal, defendant argued that he should have been sentenced as a juvenile rather than as an adult. Although no formal factual basis was presented when defendant pleaded guilty, we examined the entire record to determine the factual basis underlying the plea, and we concluded that defendant was under the age of 17 at the time of the offense. Thus, pursuant to section 5—4(6)(c)(ii) of the Act (705 ILCS 405/5—4(6)(a) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 405/5—130(1)(c)(ii) (West 2000))), he should not have been sentenced as an adult.

On remand, a dispute arose about the character of the judgment. The State argued that, even though defendant was sentenced as a juvenile, the judgment should remain a criminal conviction. Defendant contended, however, that the conviction should be vacated and the court should adjudicate him a delinquent minor. In sentencing defendant to time served under the Act, the trial court ruled that "[t]he judgment of conviction as an adult on this class one felony remains."

Defendant filed a timely notice of appeal on March 6, 2001, and on March 17, 2001, the office of the State Appellate Defender was appointed to represent defendant. However, in the intervening period, on

March 12, 2001, Assistant Appellate Defender Kathleen J. Hamill filed an emergency motion in this court asking the court to clarify the mandate in *Brazee I* with respect to whether the trial court should have entered a criminal conviction or an adjudication of delinquency. Defendant's brief in this appeal indicates that appellate counsel filed the motion at the behest of the trial court. The motion was filed under the docket number for *Brazee I* (No. 2—99—0288) and made no mention of the fact that defendant had filed a notice of appeal from the judgment on remand. Because the office of the State Appellate Defender had not yet been appointed, however, it is unclear whether Hamill was aware of the present appeal. On June 1, 2001, another panel of this court entered the following order:

"The court has considered the emergency motion for clarification of mandate and the responses thereto, and it is hereby orderd [*sic*] that the original opinion entered herein stands and that the judgment of conviction for an adult felony stands. 705 ILCS 405/5—130(c)(ii)."

■ Turning to the merits, a "delinquent minor" is defined in the Act as "any minor who prior to his 17th birthday has violated or attempted to violate *** any federal or state law or municipal ordinance." 705 ILCS 405/5—3(1) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 405/5—105(3) (West 2000)). Section 5—4(1) of the Act provides, in pertinent part, "[e]xcept as provided in this Section, no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5—4(1) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 5—120 (West 2000)). In the present case, the applicable exception permitting criminal prosecution appears in section 5—4(6)(a) of the Act, which provides that the definition of "delinquent minor" does not apply to a minor who was at least 15 years old at the time of an offense and who is charged with any of various enumerated offenses including aggravated criminal sexual assault. 705 ILCS 405/5—4(6)(a) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 405/5—130(1)(a) (West 2000)). Section 5—4(6)(a) mandates the criminal prosecution of the enumerated offenses and "all other charges arising out of the same incident." 705 ILCS 405/5—4(6)(a) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 405/5—130(1)(a) (West 2000)).

■ This appeal concerns the impact of section 5—4(6)(c)(ii), which provides, in pertinent part, "[i]f after trial or plea the minor is only convicted of an offense not covered by paragraph (a) of this subsection

(6), the conviction shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State; however, unless the State requests a hearing for the purpose of sentencing the minor under Chapter V of the Unified Code of Corrections, the Court must proceed under Sections 5—22 and 5—23 of this Act." 705 ILCS 405/ 5—4(6)(c)(ii) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 405/5—130(1)(c)(ii) (West 2000)). Sections 5—22 and 5—23 govern dispositions in delinquency proceedings under the Act. Defendant contends that, when the court enters a disposition under the Act pursuant to section 5—4(6)(c)(ii), the resultant judgment constitutes an adjudication of delinquency under the Act. The State maintains that section 5—4(6)(c)(ii) pertains only to sentencing, and the minor stands convicted of a criminal offense. Defendant alternatively argues that, if the State's interpretation is correct, the statute is unconstitutional.

■ The cardinal rule of statutory construction is to ascertain and give effect to the true intent of the legislature, mindful of the presumption that the legislature did not intend to produce an absurd or unjust result. *In re D.D.*, 196 Ill. 2d 405, 418-19 (2001). The language of a statute is the most reliable indicator of legislative intent, and when the language is plain and unambiguous, courts may not read in exceptions, limitations, or other conditions. *In re D.D.*, 196 Ill. 2d at 419. However, when the meaning of the enactment cannot be ascertained from the language, a court may resort to aids for construction. *In re D.D.*, 196 Ill. 2d at 419.

Section 5—4(6)(c)(ii) requires the court to enter a disposition under the Act, but does not specifically address whether the resultant judgment stands as a criminal conviction or an adjudication of delinquency. By providing that a conviction of an offense not covered by section 5—4(6)(a) "shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State" (705 ILCS 405/5—4(6)(c)(ii) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 405/5—130(1)(c)(ii) (West 2000))), the General Assembly might have intended to maintain the criminal character of the proceeding. If so, a criminal conviction should enter. On the other hand, another reasonable interpretation of this language is that it was simply designed to preserve the salient factual and legal determinations in the criminal prosecution, thereby eliminating any question about whether the minor must be retried in accordance with the specific procedures of the Act.

The State contends that the statute envisions a criminal conviction because section 5—4(6)(a) states that one who "is charged" with

one of the enumerated offenses is excluded from the definition of "delinquent minor" in section 5—3(1) of the Act (705 ILCS 405/5—3(1) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 405/5—105(3) (West 2000))). In the State's view, it does not matter how the charge is resolved. Arguably, however, by the time that section 5—4(6)(c)(ii) comes into play, the minor no longer "is" charged with one of the enumerated offenses; thus, a reasonable alternative to the State's view is that the resolution favorable to the minor of such a charge restores the minor's delinquency status for the purposes of further proceedings.

■ In determining which interpretation is correct, it is appropriate to consider "' 'the reason and necessity for the law, the evils to be remedied, and the objectives to be obtained.' " *In re Keri B.*, 327 Ill. App. 3d 1068, 1070 (2002), quoting *Cummins v. Country Mutual Insurance Co.*, 178 Ill. 2d 474, 479 (1997). Enlarging our focus from textual to contextual favors defendant's understanding of the statute. It has long been recognized that "[t]he purpose of delinquency hearings is not penal but protective and, therefore, no suggestion or taint of criminality attaches to any finding of delinquency by a juvenile court." *In re Dow*, 75 Ill. App. 3d 1002, 1006 (1979). The General Assembly has mandated that certain serious offenses should be prosecuted criminally, along with less serious related charges that would otherwise be dealt with in a delinquency proceeding. In enacting section 5—4(6)(c)(ii), however, the General Assembly obviously recognized the injustice of criminalizing a minor's less serious delinquent behavior when the particular charges mandating criminal prosecution are resolved in the minor's favor. The General Assembly has unequivocally determined that the minor thus situated should not be subject to criminal penalties. We can see no reason why the General Assembly would intend to attach the stigma and legal consequences of a criminal conviction merely because the minor at one time stood charged with a more serious offense. We therefore conclude that, when the charge or charges enumerated in section 5—4(6)(a) have been resolved in the minor's favor, he or she is no longer excluded from the definition of "delinquent minor." We further conclude that, by validating the criminal prosecution and verdict, section 5—4(6)(c)(ii) merely eliminates the need to retry the defendant in a formal delinquency hearing.

*In re A.P.*, 285 Ill. App. 3d 897 (1997), cited by defendant, is consistent with this understanding. In that case, the minor defendant was tried as an adult for first degree murder and aggravated battery with a firearm. The defendant was found guilty of the latter charge, but was found not guilty of the first degree murder charges that had

been the basis for prosecuting him under the criminal law. Though the issue before this court involved appellate jurisdiction, we commented that under these circumstances "the jury verdict finding respondent guilty of aggravated battery with a firearm was tantamount to a finding of delinquency." *In re A.P.*, 285 Ill. App. 3d at 900. That characterization conforms to the view we adopt in this appeal.

The State contends, however, that we took a different view in *People v. Brown*, 301 Ill. App. 3d 995 (1998). We disagree. *Brown* involved a discretionary criminal prosecution under section 5—4(3) of the Act (705 ILCS 405/5—4(3) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 405/5—805(3) (West 2000))). We held that, where the defendant was found guilty of a lesser-included offense, the trial court had the discretion to transfer the case to juvenile court for a disposition under the Act. Neither the holding nor the analysis in *Brown* has any bearing on the issue presently before us.

Lastly, we note that in *People v. Luckett*, 295 Ill. App. 3d 342, 347 (1998), the court stated that if a minor charged with an offense mandating criminal prosecution is convicted only of a lesser offense, the conviction remains valid. We agree with defendant, however, that this statement—which was unaccompanied by any analysis or citation of authority—is *dicta* which, for the reasons discussed above, we find unpersuasive.

The State alternatively argues that, even if defendant is correct on the merits, he has forfeited review by failing to file a motion in the trial court to withdraw his guilty plea in compliance with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). The State also argues that defendant waived the issue he now raises by failing to raise it in his previous appeal. In a related point, the State contends that our mandate in *Brazee I* did not authorize the trial court to vacate defendant's conviction and that the trial court would have exceeded its jurisdiction had it done so. We disagree. In view of our interpretation of section 5—4(6)(c)(ii), because defendant was not convicted of any of the enumerated offenses mandating criminal prosecution under section 5—4(6)(a), the trial court had no statutory authority to enter a conviction of criminal sexual assault. Our supreme court has recognized that "a conviction or an order significantly restricting the liberty of a defendant must have statutory authorization and is a nullity otherwise." *People v. McCarty*, 94 Ill. 2d 28, 37 (1983).

Citing *People v. Arnold*, 323 Ill. App. 3d 102 (2001), the State contends that, because defendant pleaded guilty to a criminal offense, he thereby waived his rights under the Act and the conviction is therefore valid. We disagree. In *Arnold*, the court found that the

defendant waived his rights under the Act because he persistently misrepresented his age. That is not the case here, and, indeed, we have previously concluded that the factual basis for defendant's plea established that he was under 17 years old when the offense occurred (*Brazee I*, 316 Ill. App. 3d at 1235-37). Under these circumstances, section 5—4(6)(c)(ii) governs the consequences of defendant's plea. Nothing in the record suggests that defendant waived his rights under this provision.

A void judgment may be attacked at any time, either directly or collaterally. *People v. Wade*, 116 Ill. 2d 1, 5 (1987). Moreover, we do not believe that compliance with Supreme Court Rule 604(d) is a condition precedent to an appeal challenging a conviction that is void. *Cf. People v. Williams*, 179 Ill. 2d 331, 333 (1997) (failure to move to withdraw guilty plea did not preclude appeal challenging sentence entered as part of plea agreement, where the trial court lacked authority to impose the sentence). Accordingly the validity of defendant's conviction is properly before us in this appeal.

•6 The foregoing analysis compels us to revisit our ruling on defendant's emergency motion to clarify the mandate in *Brazee I*. As previously noted, in response to that motion we entered an order upholding defendant's felony conviction. However, we had not been advised that defendant had perfected the present appeal, which raises the same issue. Because this appeal was pending on June 1, 2001, when that order was entered, the order was interlocutory and subject to revision prior to entry of this court's final judgment. See *Carter v. Chicago & Illinois Midland Ry. Co.*, 144 Ill. App. 3d 437, 439 (1986), *rev'd on other grounds*, 119 Ill. 2d 296 (1988). On our own motion, we vacate the order of June 1, 2001, in cause No. 2—99—0288, and we strike the motion for clarification as moot in light of this decision.

In light of our decision, we need not address defendant's alternative constitutional challenge to section 5—4(6)(c)(ii).

For the foregoing reasons, we modify the judgment of the circuit court of Winnebago County by entering an adjudication of delinquency, and we vacate defendant's conviction of criminal sexual assault.

Modified in part and vacated in part.

O'MALLEY and BYRNE, JJ., concur.