THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DEON
MATHIS, Defendant-Appellee.

First District (3rd Division)   No. 1—03—3027

Opinion filed April 6, 2005.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Veronica Calderon, and Noah Montague, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier and Vanessa Caleb, both of State Appellate Defender's Office, of Chicago, for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Following the entry of a guilty plea, the defendant, Deon Mathis, was convicted of possession of a controlled substance with intent to

deliver and sentenced to 18 months of probation. The defendant subsequently filed a petition to vacate the judgment pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2002)). The circuit court granted the petition and vacated the judgment entered on the guilty plea. On denial of reconsideration, the State now appeals, contending that: (1) the circuit court lacked subject matter jurisdiction to grant section 2—1401 relief; (2) the petition improperly asserted a legal argument rather than errors of fact; and (3) the circuit court erred in applying Public Act 92—665 (Pub. Act 92—665, eff. January 1, 2003) retroactively to the defendant's case. For the reasons that follow, we reverse the circuit court's order granting the defendant's section 2—1401 petition and remand this cause with directions.

The defendant was charged with possession of a controlled substance with intent to deliver within 1,000 feet of a school (count No. 1) and possession of a controlled substance with intent to deliver (count No. 2). The defendant was 15 years old at the time of the offense. Because of his age and the nature of the first charge, the defendant's case was automatically transferred from juvenile court to criminal court pursuant to section 5—130(2)(a) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5—130(2)(a) (West 2002)).

On April 26, 2002, the defendant agreed to plead guilty to the charge of possession of a controlled substance with intent to deliver in exchange for the State's dismissal of the remaining charge and a recommendation of 18 months of probation. Because the charge of possession of a controlled substance with intent to deliver did not, by itself, trigger application of the automatic transfer provision in section 5—130(2)(a) of the Act, defense counsel stated that the defendant would be "waiving juvenile jurisdiction" so that the matter could proceed in criminal court. Defense counsel also stated that he had explained to the defendant the ramifications of waiving his right to have the matter heard in juvenile court, that the "recommended sentence was for 18 months probation," and that the defendant still wanted to enter a plea of guilty. Before accepting the defendant's guilty plea, the court asked the defendant's mother if she agreed with the offer that was made "[r]ealizing that this would be an adult conviction" to which she answered in the affirmative. The following colloquy then took place:

"THE COURT: All right. There were 2 charges against you. The prosecutor is going to drop the first count against you, which is a higher class of offense. That was a Class 1, and they are going to dismiss that count, and proceed on Count 2.

Is that your understanding?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. And Count 2 requires you to waive juvenile court jurisdiction over this matter. Is that what you want to do?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. And your attorney explained to you all of what that means; is that right?

THE DEFENDANT: Yes, ma'am. That this is a—considered an adult conviction.''

The court acknowledged that the defendant "waives juvenile jurisdiction," accepted his guilty plea, and entered judgment thereon. The matter proceeded to sentencing and the defendant was sentenced to 18 months of probation.

On July 18, 2002, while on probation, the defendant was charged with possession of a stolen motor vehicle. Predicated on this charge, the following day the State filed a petition for violation of probation.

On June 27, 2003, the defendant filed a petition pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2002)), styled as a "motion to vacate judgment." The defendant contended that Public Act 92—665, which became effective on January 1, 2003, should apply retroactively to him and, therefore, the judgment entered on his guilty plea should be vacated. Public Act 92—665 added the following language to section 5—130 of the Act:

"(10) If a minor is subject to the provisions of subsection (2) of this Section, other than a minor charged with a Class X felony violation of the Illinois Controlled Substances Act, any party including the minor or the court sua sponte may, before trial, move for a hearing for the purpose of trying and sentencing the minor as a delinquent minor. To request a hearing, the party must file a motion prior to trial." Pub. Act 92—665, eff. January 1, 2003 (amending 705 ILCS 405/5—130 (West 2000)).

Following arguments, the circuit court granted the defendant's section 2—1401 petition and vacated its judgment of April 26, 2002. Thereafter, the State filed a motion to reconsider, which the circuit court denied. This timely appeal followed.

■ The State first contends that the circuit court lacked subject matter jurisdiction to vacate the judgment entered on the defendant's guilty plea because the defendant, although properly admonished, failed to first file a motion pursuant to Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) to withdraw his guilty plea and vacate the judgment within 30 days of the date on which the sentence was imposed. In other words, the State argues that the defendant was required to withdraw his guilty plea before filing a section 2—1401 petition in the circuit court and his failure to do so rendered the circuit court's order granting such relief void. We disagree.

Supreme Court Rule 604(d), requiring that a defendant wishing to appeal from a judgment entered upon a guilty plea must first move within 30 days to withdraw the plea and vacate the judgment, applies only to direct appeals. 188 Ill. 2d R. 604(d); see *People v. Flowers*, 208 Ill. 2d 291, 302, 802 N.E.2d 1174 (2003); *People v. Brumas*, 142 Ill. App. 3d 178, 180, 491 N.E.2d 773 (1986). Rule 604(d) is inapplicable to collateral proceedings brought pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2002)) (*Flowers*, 208 Ill. 2d at 302) and, contrary to the State's assertion, we do not believe that it is applicable to petitions brought pursuant to section 2—1401 of the Code.

Section 2—1401 of the Code is a comprehensive statutory procedure by which final orders and judgments may be challenged more than 30 days after their entry and its remedial powers extend to criminal cases. *People v. Pinkonsly*, 207 Ill. 2d 555, 562, 802 N.E.2d 236 (2003); *People v. Haynes*, 192 Ill. 2d 437, 460-61, 737 N.E.2d 169 (2000). Although a section 2—1401 petition arises out of the same proceeding in which the order or judgment that it is directed to was entered, it is a collateral attack on the judgment. *People v. Gaines*, 335 Ill. App. 3d 292, 295, 780 N.E.2d 882 (2002); *Krain v. Department of Professional Regulation*, 295 Ill. App. 3d 577, 579-80, 696 N.E.2d 692 (1998); *Ptaszek v. Michalik*, 238 Ill. App. 3d 72, 76, 606 N.E.2d 115 (1992).

Failure to comply with Rule 604(d) prevents a defendant from perfecting a direct appeal from a judgment entered on a guilty plea. "But the rule does not purport to do more than that." *People v. Parker*, 57 Ill. App. 3d 697, 700, 373 N.E.2d 737 (1978). Like a petition brought pursuant to the Post-Conviction Hearing Act, a section 2—1401 petition is a collateral attack on a judgment, not a direct appeal. Consequently, just as in the case of a petition brought pursuant to the Post-Conviction Hearing Act, Rule 604(d) is inapplicable to proceedings brought pursuant to section 2—1401 of the Code. We, therefore, reject the State's argument that the defendant's failure to comply with Rule 604(d) prevented the circuit court from acquiring subject matter jurisdiction in this case. The subject matter jurisdiction of the circuit court attached when the defendant filed his timely section 2—1401 petition.

■ The State next contends that the circuit court erred in granting the defendant's section 2—1401 petition because he failed to allege any errors of fact and instead made a legal argument, namely, that the amendment contained in Public Act 92—665 should be applied retroactively. The State acknowledges that it failed to raise this issue in the circuit court, but urges us to review the issue under the plain

error rule. Waiver aside, we will address the State's contention in this regard.

Recently, our supreme court in *People v. Lawton*, 212 Ill. 2d 285, 297, 818 N.E.2d 326 (2004), stated that, although petitions brought pursuant to section 2—1401 of the Code are ordinarily used to correct errors of fact, "nothing in the language of section 2—1401 limits its applicability to such matters." In *Lawton*, the defendant had filed a section 2—1401 petition challenging the competency of the attorney who represented him in proceedings under the Sexually Dangerous Persons Act (725 ILCS 205/0.01 *et seq.* (West 2002)), as well as on direct appeal. The *Lawton* court first noted that the defendant could not raise his claim in a postconviction petition, as proceedings under the Sexually Dangerous Persons Act are civil in nature and the Post-Conviction Hearing Act only applies to persons imprisoned pursuant to a criminal conviction. Having no recourse under the Post-Conviction Hearing Act, the court stated that the defendant was entitled to challenge the effectiveness of his attorney by means of a section 2—1401 petition. The court noted that, by allowing the defendant to do so, its holding gave effect to the purpose of section 2—1401, which is to grant relief when necessary to achieve justice. *Lawton*, 212 Ill. 2d at 298.

Because the defendant in the instant case was not imprisoned and is not asserting a substantial denial of his constitutional rights (see 725 ILCS 5/122—1(a) (West 2002)), like the defendant in *Lawton*, he cannot seek relief under the Post-Conviction Hearing Act. Further, heeding our supreme court's direction to construe section 2—1401 liberally when necessary to achieve justice, we believe that under the particular circumstances of this case the defendant was entitled to raise his claim by the only means available, a section 2—1401 petition.

■ Next, the State contends that the circuit court erred in applying the amendment contained in Public Act 92—665 retroactively. It argues that the legislature did not intend for the amendment to apply to a defendant who had already been convicted because the plain language of the amendment requires that a pretrial motion be filed. To this end, the defendant readily acknowledges that the amendment requires the filing of a pretrial motion. He argues, however, that he "did not have the opportunity to file such a pre-trial motion, as the reverse transfer provision was making its way through the Illinois legislature in HB 4129 at the time of his plea." For the reasons that follow, we agree with the State on this point.

The defendant's case was automatically transferred from the juvenile court to the criminal division of the circuit court pursuant to section 5—130(2)(a) of the Act, which states that, if a minor is charged

with possession of a controlled substance with intent to deliver within 1,000 feet of a school, and was at least 15 years old at the time of the offense, he must be criminally prosecuted for that offense and all other charges arising out of it. 705 ILCS 405/5—130(2)(a) (West 2002). On May 8, 2002, approximately two weeks after the defendant pled guilty and was sentenced, the General Assembly passed Public Act 92—665, which amended section 5—130 of the Act. Public Act 92—665 provides, *inter alia*, that a minor who is subject to section 5—130(2) of the Act, and not charged with a Class X drug felony, may file prior to trial a motion requesting a hearing to determine whether he or she will be tried and sentenced as a delinquent minor or as an adult. Pub. Act 92—665, eff. January 1, 2003 (amending 705 ILCS 405/5—130 (West 2000)).

As a general matter, amendments to a statute are construed to apply prospectively and not retroactively (*People v. Digirolamo*, 179 Ill. 2d 24, 50, 688 N.E.2d 116 (1997)), and there is no indication that the legislature intended the amendment at issue to apply retroactively to defendants whose cases were already disposed of on the effective date of the amendment. Nor is there any indication that the legislature intended to essentially reopen cases that were already adjudicated in order for a defendant to take advantage of the limited pretrial procedure contained in the amendment. The defendant pled guilty and was sentenced on April 26, 2002, eight months before Public Act 92—665 became effective on January 1, 2003. Accordingly, we hold that the circuit court erred in applying Public Act 92—665 retroactively and, on that basis, granting the defendant's section 2—1401 petition.

Our inquiry, however, does not end here. The defendant argues that the trial court's judgment is void and we must, therefore, remand the cause for proceedings under the Act because he did not waive in writing his right to be tried as a delinquent minor pursuant to section 5—130(2)(b)(i) of the Act (705 ILCS 405/5—130(2)(b)(i) (West 2002)). We note that the defendant did not raise this argument in the proceedings below. However, a void judgment may be attacked at any time, either directly or collaterally, and courts have an independent duty to vacate void orders. *People v. Wade*, 116 Ill. 2d 1, 5, 506 N.E.2d 954 (1987); *People v. Thompson*, 209 Ill. 2d 19, 25-27, 805 N.E.2d 1200 (2004). Although we find that the defendant may raise this argument for the first time on appeal, we reject the argument on the merits.

■ Section 5—130(2)(b)(i) of the Act provides as follows:

"(b)(i) If before trial or plea an information or indictment is filed that does not charge an offense specified in paragraph (a) of this subsection (2) the State's Attorney may proceed on any lesser charge or charges, but only in Juvenile Court under the provisions

of this Article. The State's Attorney may proceed under the criminal laws of this State on a lesser charge if before trial the minor knowingly and with advice of counsel waives, in writing, his or her right to have the matter proceed in Juvenile Court." 705 ILCS 405/5—130(2)(b)(i) (West 2002).

Although the defendant concedes that he and his attorney orally waived his right to be tried under the Act, he argues that the waiver was ineffective because it was not made in writing.

Our research has revealed no case which has interpreted the writing requirement in section 5—130(2)(b)(i) of the Act. A similar issue was addressed, however, in *People v. Tooles*, 177 Ill. 2d 462, 687 N.E.2d 48 (1997), which we find instructive to the issue at hand. In that case, the supreme court was called upon to determine the ramifications of the circuit court's failure to secure a written jury waiver pursuant to section 115—1 of the Code of Criminal Procedure of 1963, which provided that "[a]ll prosecutions *** shall be tried by the court and a jury unless the defendant waives a jury trial in writing." 725 ILCS 5/115—1 (West 1992). The *Tooles* court noted that the written jury waiver requirement did not impact a defendant's constitutional right to choose whether to have a jury trial; it merely memorialized the decision to exercise the right. The court stated, "[w]hile the written waiver requirement is easy of application and should be complied with by trial courts in every case, we hold that the failure to do so does not result in reversal so long as the defendant's waiver was made understandingly in accordance with section 103—6 of the Code of Criminal Procedure." *Tooles*, 177 Ill. 2d at 468.

Turning to the instant case, we first note that the written waiver requirement set forth in section 5—130(2)(b)(i) of the Act does not impact upon the trial court's jurisdiction. The juvenile court is merely a division of a single unified circuit court. *People v. P.H.*, 145 Ill. 2d 209, 222, 582 N.E.2d 700 (1991). It is the circuit court as a whole that is vested with jurisdiction. *P.H.*, 145 Ill. 2d at 222. Whether a person is tried as a delinquent minor under the Act or as an adult is a matter of procedure rather than jurisdiction. *P.H.*, 145 Ill. 2d at 222.

The record shows that defense counsel advised the court that he had explained to the defendant the ramifications of waiving his right to be tried as a delinquent minor. Additionally, the trial judge asked the defendant if he wished to waive this right, and the defendant replied in the affirmative. The trial court's docket sheet from April 26, 2002, also reflects that the defendant waived the right. We find that the defendant knowingly waived his right to be tried as a delinquent minor under the Act. Further, applying the rationale employed by our supreme court in *Tooles*, we hold that the defendant's failure to

execute a written waiver of his right to have this matter proceed in the juvenile division of the circuit court did not render his oral waiver ineffective and did not, for that reason, render the trial court's subsequent judgment void.

■ The defendant next argues that this case must be remanded "because the court's original judgment sentencing [him] as an adult is void because the sentence does not conform to a statutory requirement." Again, although the defendant did not raise this argument below, we will consider it for the first time on appeal because a void sentence may be attacked at any time. *People v. Champ*, 329 Ill. App. 3d 127, 129, 768 N.E.2d 237 (2002). For the reasons that follow, we agree with the defendant's argument as to the validity of his sentence.

Section 5—130(2)(c)(ii) directs how a minor defendant should be sentenced following a conviction for an offense not covered by section 5—130(2)(a). It states in relevant part:

> "(ii) If after trial or plea the court finds that the minor committed an offense not covered by paragraph (a) of this subsection (2), that finding shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State; however, unless the State requests a hearing for the purpose of sentencing the minor under Chapter V of the Unified Code of Corrections, the Court must proceed under Sections 5—705 and 5—710 of this Article. To request a hearing, the State must file a written motion within 10 days following the entry of a finding or the return of a verdict. *** If the motion is made by the State, the court shall conduct a hearing to determine if the minor should be sentenced under Chapter V of the Unified Code of Corrections." 705 ILCS 405/5—130(2)(c)(ii) (West 2002).

In deciding whether a minor defendant should be sentenced under the Act or as an adult, the trial court considers a number of factors such as: whether the offense was committed in an aggressive and premeditated manner; the age of the minor; his previous history; whether there are available facilities to treat and rehabilitate the minor; whether it is in the interest of public security that the defendant be sentenced as an adult; and whether the minor possessed a deadly weapon while committing the offense. 705 ILCS 405/5—130(2)(c)(ii) (West 2002).

There is no dispute that the State did not request a hearing pursuant to section 5—130(2)(c)(ii). The State, however, argues that no such hearing was required because the defendant explicitly agreed, as part of his plea agreement with the State, that he would waive sentencing under the Act and would accept adult probation in exchange for the State's dismissal of the more severe charge. The issue of whether a

defendant may waive the requirement in section 5—130(2)(c)(ii) has never been decided in Illinois. After looking at the plain language of section 5—130(2)(c)(ii) and our prior construction of a similar provision of the Act, we believe that the requirement is mandatory and, as a consequence, a minor defendant cannot waive it.

The controlling principles of statutory construction are well established. The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Bonutti*, 212 Ill. 2d 182, 188, 817 N.E.2d 489 (2004). The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning. *Bonutti*, 212 Ill. 2d at 188. Where the language of a statute is clear and unambiguous, a court must give it effect as written, without reading into it exceptions, limitations, or conditions that the legislature did not express. *People v. Woodward*, 175 Ill. 2d 435, 443, 677 N.E.2d 935 (1997).

In *People v. Champ*, 329 Ill. App. 3d 127 (2002), we were called upon to construe the language in section 5—4(6)(c)(ii) of the Act (705 ILCS 405/5—4(6)(c)(ii) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now, as amended, 705 ILCS 405/5—130(1)(c)(ii) (West 2002))), which contains language virtually identical to the provision at issue. In *Champ*, the minor defendant was charged with first degree murder, an offense that required criminal prosecution as an adult under section 5—4(6)(a) of the Act (705 ILCS 405/5—4(6)(a) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now, as amended, 705 ILCS 405/5—130(1)(a) (West 2002))). The defendant was ultimately convicted of involuntary manslaughter, an offense not covered by section 5—4(6)(a). The circuit court, however, sentenced the defendant as an adult to five years' imprisonment. We held that the defendant should have been sentenced as a delinquent minor because the State did not request a hearing pursuant to section 5—4(6)(c)(ii) of the Act, which provided as follows:

"If *** the minor is only convicted of an offense not covered by paragraph (a) of this subsection (6), the conviction shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State; however, *unless* the State requests a hearing for the purpose of sentencing the minor under Chapter V of the Unified Code of Corrections, the Court *must* proceed under Sections 5—22 and 5—23 of this Act. *** If the motion is made by the State, the court shall conduct a hearing to determine if the request should be granted." (Emphasis added.) 705 ILCS 405/5—4(6)(c)(ii) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now, as amended, 705 ILCS 405/5—130(1)(c)(ii) (West 2002)).

We noted that use of the word "must" demonstrated that the provision set forth above was not discretionary. *Champ*, 329 Ill. App. 3d at 135; see also *Home Depot, U.S.A., Inc. v. Department of Revenue*, 355 Ill. App. 3d 370, 373 (2005) (use of word "must" is mandatory, rather than discretionary).

As stated, the provision at issue in *Champ* is virtually identical to section 5—130(2)(c)(ii) and we likewise find that the provision is not discretionary. Section 5—130(2)(c)(ii) unambiguously states that if a minor defendant is convicted of an offense not covered by section 5—130(2)(a) of the Act, the court "must" proceed under the sentencing provisions of the Act "unless": (1) the State files a written motion requesting a hearing for the purpose of determining whether the minor should be sentenced as an adult; (2) the court conducts a hearing on the motion; and (3) the court, after considering various factors, determines that the minor defendant should be sentenced as an adult. 705 ILCS 405/5—130(2)(c)(ii) (West 2002). We believe that the hearing requirement in section 5—130(2)(c)(ii) is mandatory and, contrary to the State's assertion, cannot be waived by a defendant. Had the legislature wanted to allow minor defendants to waive the hearing requirement, it would have explicitly stated so, as it did in section 5—130(2)(b)(i) of the Act (705 ILCS 405/5—130(2)(b)(i) (West 2002)), thereby allowing minor defendants to waive their right to be tried as delinquent minors.

We note briefly that the State relies on the decision in *People v. Berryman*, 171 Ill. App. 3d 548, 526 N.E.2d 180 (1988), wherein the court held that a defendant could not complain of being sentenced as an adult where his attorney essentially invited the court to sentence him in this manner. However, the statute at issue in *Berryman* provided that the circuit court had the discretion to sentence a minor defendant convicted of murder as an adult or a delinquent minor. *Berryman*, 171 Ill. App. 3d at 561-62. There was no provision in *Berryman*, as there is in this case, containing mandatory language requiring the State to first request a hearing to determine whether the defendant should be sentenced as an adult.

Based on the plain and unambiguous language of section 5—130(2)(c)(ii) and our prior construction of similar language in *Champ*, we hold that a minor defendant may not waive the hearing requirement contained therein. Because the State did not request a hearing to determine whether the defendant should be sentenced as an adult, section 5—130(2)(c)(ii) required that the circuit court sentence the defendant as a delinquent minor. See *Champ*, 329 Ill. App. 3d at 133. We must now determine the proper course of action in resentencing the defendant under the Act.

When faced with this exact predicament in *Champ*, we followed the court's actions in *People v. Brazee*, 316 Ill. App. 3d 1230, 738 N.E.2d 646 (2000). In *Brazee* (*Brazee I*), the court held that the defendant should have been sentenced as a delinquent minor because the charge that triggered his criminal prosecution as an adult was dismissed and the State did not request a hearing pursuant to section 5—4(6)(c)(ii) (705 ILCS 405/5—4(6)(c)(ii) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 405/5—130(1)(c)(ii) (West 2002))). *Brazee I*, 316 Ill. App. 3d at 1235. As such, the court vacated the judgment and remanded the cause with directions that the circuit court sentence the defendant to time served under the Act. *Brazee I*, 316 Ill. App. 3d at 1237.

On remand, the circuit court sentenced the defendant accordingly, but ruled that the defendant stood convicted of a criminal offense even though he was sentenced as a delinquent minor under the Act. The defendant subsequently challenged that ruling on appeal in *People v. Brazee*, 333 Ill. App. 3d 43, 775 N.E.2d 652 (2002) (*Brazee II*). The defendant argued that, when the court entered a disposition under the Act pursuant to section 5—4(6)(c)(ii) (705 ILCS 405/5—4(6)(c)(ii) (West 1996) (repealed by Pub. Act 90—590, eff. January 1, 1999) (now codified, as amended, at 705 ILCS 405/5—130(1)(c)(ii) (West 2002))), the resulting judgment constituted an adjudication of delinquency under the Act. The *Brazee II* court agreed, holding as follows:

> "We can see no reason why the General Assembly would intend to attach the stigma and legal consequences of a criminal conviction merely because the minor at one time stood charged with a more serious offense. We therefore conclude that, when the charge or charges enumerated in section 5—4(6)(a) have been resolved in the minor's favor, he or she is no longer excluded from the definition of 'delinquent minor.' We further conclude that, by validating the criminal prosecution and verdict, section 5—4(6)(c)(ii) merely eliminates the need to retry the defendant in a formal delinquency hearing." *Brazee II*, 333 Ill. App. 3d at 48.

Accordingly, the court modified the judgment of the circuit court by vacating the defendant's conviction and entering an adjudication of delinquency in its place. *Brazee II*, 333 Ill. App. 3d at 50.

Following the dictates of *Champ* and *Brazee I*, the defendant in this case must be resentenced as a delinquent minor under the Act. Moreover, upon resentencing the defendant under the Act, his criminal conviction for possession of a controlled substance with intent to deliver must be vacated and an adjudication of delinquency must be entered instead. See *Brazee II*, 333 Ill. App. 3d at 50.

Based on the foregoing analysis, we reverse the trial court's order

granting the defendant's section 2—1401 petition to vacate the judgment of April 26, 2002, and we remand this matter to the circuit court with directions to: (1) vacate the defendant's conviction for possession of a controlled substance with intent to deliver; (2) enter an adjudication of delinquency in its place; and (3) sentence the defendant as a delinquent minor under the Act.

Reversed and remanded with directions.

KARNEZIS, P.J., and SOUTH J., concur.