SECOND DIVISION
February 8, 2011

No. 1-08-2333

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 98 CR 4529 |
| | ) | |
| SHENARD LESURE, | ) | Honorable |
| | ) | Joseph M. Claps, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Karnezis and Connors concurred in the judgment..

**OPINION**

Petitioner Shenard Lesure was charged with first degree murder, attempted first degree

murder, aggravated battery with a firearm, and aggravated battery allegedly committed when he

was 15 years old. Following a bench trial, petitioner was convicted of first degree murder and

attempted first degree murder and was sentenced to consecutive terms of 50 and 25 years'

incarceration in the Illinois Department of Corrections, respectively. Petitioner commenced a

post-conviction proceeding, alleging that his rights to counsel and trial by jury had been violated

and that he had proof of his actual innocence, which had been unavailable at the time of trial.

The trial court dismissed petitioner's petition following a third-stage evidentiary hearing on the

issue of defendant's actual innocence. Petitioner appeals that dismissal of his post-conviction

petition. The only issue on appeal is whether the trial court erred in sentencing petitioner as an

adult under the Unified Code of Corrections (730 ILCS 5/5-1-1 *et seq.* (West 1996)) rather than

No. 1-08-2333

as a juvenile under the Juvenile Court Act of 1987 (705 ILCS 405/1-1 *et seq.* (West 1996)). For the following reasons, we affirm.

## JURISDICTION

The trial court dismissed defendant's postconviction petition on July 18, 2008, and defendant filed his notice of appeal 31 days later on August 18, 2008. Because the thirtieth day following the trial court's order was a Sunday, defendant's notice of appeal was timely filed as provided in the Statute on Statutes. 5 ILCS 70/1.11 (West 2008) ("The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded."). Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 606 and 651 governing appeals from final judgments of the circuit court in postconviction proceedings. Ill. S. Ct. R. 606 (eff. Sept. 1, 2006); R. 651 (eff. Dec. 1, 1984).

## BACKGROUND

A grand jury indicted petitioner on four counts of first degree murder of Porche Smith (720 ILCS 5/9-1 (West 1998)), attempted first degree murder of Emil Clark (720 ILCS 5/8-4 (West 1998)), aggravated battery with a firearm (720 ILCS 5/12-4.2 (West 1998)), and two counts of aggravated battery (720 ILCS 5/12-4 (West 1998)). petitioner waived his right to a jury trial and the State proceeded by way of a bench trial before the Honorable Fred Suria.

Six witnesses testified at the trial: Mary Hammond, the mother of Porche Smith; Emil Clark, the second victim; Jordasch Robinson, Carlton Reed, and Odell Harris — all members of the Gangster Disciples gang; and Chicago police pfficer Timothy Karpiel. At trial, the evidence

2

established that petitioner, a member of the Gangster Disciples (GD), was riding in a van on Chicago's southwest side with other GDs on the evening of July 6, 1997, when members of a rival GD faction opened fire on the vehicle. Petitioner, who was 15 years old at the time of the shooting and 16 years old at the time of trial, then spoke with some of his GD associates about taking revenge against the rival faction in response to the shooting of the van. In the early morning hours of July 7, 1997, petitioner and a youth identified only as "Trell" waited in an alley near 63rd and Artesian, armed with a 9 millimeter and a .38-caliber firearm. Porche Smith and Emil Clark were walking along Artesian when petitioner and Trell came out of the alley and opened fire. Emil Clark was shot in the abdomen, causing him to fall to the ground. While he was on the ground, Clark heard several gunshots before one of the assailants approached him and shot him a second time in the leg. Meanwhile, Porche Smith suffered two gunshot wounds to the head and a third gunshot wound to her left leg. Porche Smith died at the scene. Emil Clark was able to return home, where he called for an ambulance, and then spent the next week and a half in the hospital recovering from his injuries.

After the shooting, petitioner told several of his fellow GDs that he had shot a man and a woman near the alley at 63rd and Artesian early in the morning of July 7, 1997. He then proceeded to hide out at the apartment of Odell Harris, a fellow GD, for approximately five days in an attempt to evade police detection. Police eventually apprehended petitioner six months later at the home of his grandfather and placed him into custody. Once petitioner had been arrested, Emil Clark identified him in a lineup as the person who had shot him on July 7, 1997.

On December 11, 1998, at the close of the bench trial, the trial court found petitioner guilty of first degree murder of Porche Smith and attempted murder of Emil Clark. On January

No. 1-08-2333

7, 1999, the trial court sentenced petitioner to 50 years' incarceration with the Illinois Department of Corrections on the charge of first degree murder and 25 years' incarceration with the Illinois Department of Corrections on the charge of aggravated battery, with both terms to be served consecutively.

Petitioner then appealed, arguing, among other things, that the trial court erred in sentencing him for aggravated battery when he had actually been convicted of attempted murder. This court vacated petitioner's sentence for aggravated battery and remanded the case to the trial court for sentencing on the attempted murder conviction. *People v. Lesure*, No. 1-99-0909 (2000) (unpublished order under Supreme Court Rule 23). The trial court subsequently sentenced petitioner to 25 years' incarceration with the Illinois Department of Corrections for the attempted murder conviction, a term to be served consecutively with his sentence for first degree murder.

On August 16, 2001, petitioner filed a *pro se* petition for postconviction relief in which he argued that his conviction should be overturned because he was charged as an adult pursuant to the Safe Neighborhoods Law (Pub. Act 88-680 (eff. Jan. 1, 1995)), which our supreme court found unconstitutional in *People v. Cervantes*, 189 Ill. 2d 80, 89 (1999), because it violated the single-subject rule. On September 15, 2004, petitioner filed a supplemental amendment to his petition, alleging that he had proof of his actual innocence. In support of this argument, petitioner attached an affidavit of Emil Clark, one of the victims petitioner was convicted of shooting, in which Clark recanted his testimony at trial identifying petitioner as the shooter.

The trial court appointed counsel for petitioner, after which petitioner filed an amended petition for postconviction relief on April 5, 2006. The amended petition presented three

4

No. 1-08-2333

arguments. First, petitioner alleged that his right to counsel had been violated immediately preceding the start of his bench trial. Second, petitioner alleged that his right to a jury trial had been violated because the trial court failed to adequately ascertain whether he knowingly, intelligently, and voluntarily waived that right. Finally, petitioner alleged that the recantation of the only eyewitness to the shooting proved his actual innocence. On September 14, 2006, petitioner filed a second amended petition reiterating the three claims that he made in his first amended petition. On September 13, 2007, the trial court entered an order dismissing petitioner's first two claims and granting an evidentiary hearing on petitioner's third claim.

At an evidentiary hearing on March 21, 2008, Emil Clark testified and recanted the testimony that he gave at petitioner's December 1998 trial. Specifically, Clark testified that he had lied while on the witness stand and that petitioner was not the person who shot him. He claimed that he only identified petitioner as the shooter because he had been pressured to do so by police. Clark further testified that petitioner's mother had helped him draft the affidavit which petitioner had submitted along with his September 15, 2004, supplemental petition. The State then presented the testimony of Chicago police officers Jean Romic and Thomas Benoit, the officers who had interviewed Clark in the course of their investigation into the shootings in the instant case, in rebuttal. Both officers denied ever pressuring Clark into identifying petitioner or even giving Clark information or photographs that would have helped him identify petitioner in a lineup.

A second portion of the evidentiary hearing took place on April 17, 2008. There, LaDonna Smith, a sister of the victim Porche Smith, testified as to threats, harassment, and intimidation that her family had experienced during and after petitioner's trial. Ms. Smith

5

testified that petitioner's sister made threatening statements towards the Smith family while they were in the courtroom to observe petitioner's trial. In addition, a group of unidentified young men harassed Ms. Smith's brother in the parking lot of the courthouse. After the trial, the Smith family eventually moved away from their family home in Chicago because they feared further intimidation.

On July 9, 2008, the trial court dismissed petitioner's petition. The trial court explained the reasoning behind its dismissal of the petition in a written order filed July 18, 2008. After hearing Clark's testimony at the evidentiary hearing and comparing it with the transcript of Clark's testimony at trial, the trial court found Clark's recantation not credible. In addition, the trial court determined that the other evidence presented at trial was sufficient to find petitioner guilty beyond a reasonable doubt and thus, even if it had found Clark's recantation credible, the recantation would not have been sufficient proof of innocence to overturn petitioner's conviction.

Defendant then filed this timely appeal.

ANALYSIS

On appeal, petitioner argues that we should reverse his sentence for attempted murder because petitioner was 15 years old at the time of the offense and the trial court lacked the authority to sentence him pursuant to the Juvenile Court Act. We note initially that petitioner raises his sole argument here for the first time on appeal and thus we must first determine whether this issue was forfeited.

Petitioner cites to *People v. Arna*, 168 Ill. 2d 107 (1995), for the proposition that a sentence that does not conform to a statutory requirement is void and may be attacked at any

time. The State, on the other hand, cites to *People v. Jones*, 213 Ill. 2d 498 (2004), in support of its position that because petitioner may not raise new issues for the first time on appeal, petitioner has forfeited his argument here. *Jones*, 213 Ill. 2d at 509 ("when appellate counsel discover errors not raised by their clients during the summary, first-stage postconviction proceedings, the proper course of action for counsel to take is to file a successive petition in which the newly found claim is properly alleged"). We find that *Arna* controls here. As our supreme court has previously stated, the appellate court has the authority to correct void sentencing orders at any time. *Arna*, 168 Ill. 2d at 113 ("A sentence which does not conform to a statutory requirement is void. [Citations] *** [T]he appellate court ha[s] the authority to correct it at any time***."); *People v. Santana*, 388 Ill. App. 3d 961, 964 (2009) (quoting *People v. Rodriguez*, 355 Ill. App. 3d 290, 296 (2005)) ("A judgment is void if the court entered it without personal or subject matter jurisdiction or if the court 'lacked the power to render the particular judgment or sentence.' "). Thus, if petitioner is correct and his sentencing order on the charge of attempted murder violated the Juvenile Court Act, that order is void and he has not forfeited that issue before us.

Petitioner has appealed the trial court's dismissal of his petition pursuant to the Post-Conviction Hearing Act, which provides a mechanism through which convicted defendants can challenge their convictions by asserting substantial denials of their constitutional rights during their trial. See 725 ILCS 5/122-1 *et seq.* (West 2006). The Act provides for a three-stage process in non-death-penalty cases. *Jones*, 213 Ill. 2d at 503. First, the defendant must file a petition in the trial court that "clearly set[s] forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2006). The trial court may dismiss with a written order

any first-stage petitions that are "frivolous" or "patently without merit." 725 ILCS 5/122-2.1 (West 2006). In order to survive dismissal under section 122-2.1, a *pro se* petitioner need only present the gist of a constitutional claim. *People v. Porter*, 122 Ill. 2d 64, 74 (1988). "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2006). If the petition survives dismissal under section 122-2.1, the trial court may appoint counsel to an indigent petitioner. 725 ILCS 5/122-4 (West 2006). At the second stage, the trial court must determine whether the petition, and any accompanying documentation, makes a substantial showing of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). If such a substantial showing is present, then the petition proceeds to the third stage, in which the trial court conducts an evidentiary hearing. *Edwards*, 197 Ill. 2d at 246; see also 725 ILCS 5/122-6 (West 2006). The trial court may dismiss the petition or deny post-conviction relief during any part of the process, and defendants may appeal those decisions. *People v. Gaultney*, 174 Ill. 2d 410, 419 (1996).

## Standard of Review

In the instant case, petitioner appeals the trial court's dismissal of his petition after conducting a third-stage evidentiary hearing. Typically, we would not reverse a determination made by the trial court following an evidentiary hearing unless that determination were manifestly erroneous. *People v. Montgomery*, 192 Ill. 2d 642, 654 (2000); *People v. Rovito*, 327 Ill. App. 3d 164, 168 (2001). However, because petitioner raises a question of statutory interpretation, we review *de novo*. *People v. Cardamone*, 232 Ill. 2d 504, 511 (2009).

## Validity of Petitioner's Sentence

Petitioner argues that, under the plain language of section 5-4 of the Juvenile Court Act

of 1987, his sentence for attempted murder is void. Specifically, petitioner asserts that because

attempted murder is not an automatically transferable offense under section 5-4(6) (705 ILCS

405/5-4(6) (West 1996)) (repealed by Pub. Act 90-590 (eff. Jan. 1, 1999) (now, as amended, 705

ILCS 405/5-130 (West 2008))), the trial court was obligated to sentence him under the Juvenile

Court Act — as opposed to the Unified Code of Corrections — unless the State filed a written

motion within 10 days of the verdict requesting a hearing for the purpose of sentencing petitioner

as an adult. Because the State made no such motion, petitioner argues, his sentence for attempted

murder is void.

Section 5-4 provides, in pertinent part, as follows:

"(1) Except as provided in this Section, no minor who was

under 17 years of age at the time of the alleged offense may be

prosecuted under the criminal laws of this State or for violation of

an ordinance of any political subdivision of this State.

* * *

(6)(a) The definition of delinquent minor

under Section 5-3 of this Act shall not apply to any

minor who at the time of an offense was at least 15

years of age and who is charged with first degree

murder, aggravated criminal sexual assault, armed

robbery when the armed robbery was committed

with a firearm, aggravated vehicular hijacking when

the hijacking was committed with a firearm, or

violation of the provisions of paragraph (1), (3), (4), or (10) of subsection (a) of Section 24-1 of the Criminal Code of 1961 while in the building or on the grounds of any elementary or secondary school, community college, college or university. *These charges and all other charges arising out of the same incident shall be prosecuted under the Criminal Code of 1961.*

(b) \*\*\* If before trial or plea an information or indictment is filed that includes one or more charges specified in paragraph (a) of this subsection (6) and additional charges that are not specified in that paragraph, all of the charges arising out of the same incident shall be prosecuted under the Criminal Code of 1961.

(c)(i) If after trial or plea the minor is convicted of *any offense covered by paragraph (a) of this subsection (6)*, then, in sentencing the minor, the court shall have available any or all dispositions prescribed for that offense under Chapter V of the Unified Code of Corrections.

(ii) If after trial or plea the

minor is only convicted of an offense not covered by paragraph (a) of this subsection (6), the conviction shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State; however, unless the State requests a hearing for the purpose of sentencing the minor under Chapter V of the Unified Code of Corrections, the Court must proceed under Sections 5-22 and 5-23 of this Act. Should the State request a hearing, it must do so by written motion within 10 days following the entry of a finding or the return of a verdict. " (Emphasis added) 705 ILCS 405/5-4(West 1996).

The principles of statutory interpretation are well established. When reviewing a statute, we must give effect to the intent of the legislature. *Cardamone*, 232 Ill. 2d at 512. " 'The best indication of legislative intent is the statutory language, given its plain and ordinary meaning.' " *Id*. (quoting *People v. Christopherson*, 231 Ill. 2d 449, 454 (2008)). Where the statutory

language is clear and unambiguous, it must be given effect and we may not look to extrinsic sources of meaning. *Cardamone*, 232 Ill. 2d at 512.

Defendant argues that the statutory language of the Juvenile Court Act is unclear where a juvenile is convicted of both an offense that does automatically transfer the minor into criminal court, first degree murder, and one that does not — attempted murder. In addition, defendant argues that the purposes of the Juvenile Court Act require that the State request a hearing as to whether or not a juvenile should be sentenced pursuant to the Code of Corrections before the juvenile can be sentenced as an adult.

The State responds that the plain language of section 5-4(6) is clear, namely, that because petitioner was convicted of first degree murder, subsection (c)(ii) does not apply. In support of this argument, the State stresses that subsection (c)(ii) applies to only those offenses "not covered by paragraph (a)." 705 ILCS 405/5-4(6)(c)(ii) (West 1996). Thus, the State would need to request a transfer-back hearing for sentencing purposes only if a defendant had been convicted of a nonautomatically transferable offense and not both an automatically transferable offense and a nonautomatically transferable one. The State also argues that its approach is the more rational one because "it would be difficult to discern any sound rationale for a defendant who is convicted and sentenced as an adult for first degree murder to also carry a juvenile court sentence for an attempt murder that occurred during the same course of conduct."

We find the State's reasoning persuasive here. The plain language of section 5-4(6) provides adequate information to answer the question at issue, namely, under which subsection — (c)(i) or (c)(ii) — should petitioner have been sentenced for attempted murder. Subsection (c)(i) states that "If after trial or plea the minor is convicted of any offense covered by paragraph

(a) of this subsection (6) ***" then the minor should be sentenced under the Unified Code of Corrections, not the Juvenile Court Act. 705 ILCS 405/5-4(6)(c)(i) (West 1996). Thus, in order to determine whether petitioner should be sentenced under the Unified Code of Corrections, we must look to paragraph (a) of subsection (6). Paragraph (a) enumerates five charges that are automatically transferred to criminal court and are not prosecuted under the Juvenile Court Act: (1) first degree murder, (2) aggravated criminal assault, (3) armed robbery committed with a firearm, (4) aggravated vehicular hijacking when committed with a firearm, and (5) certain unlawful uses of a weapon while in or near a school. 705 ILCS 405/5-4(6)(a) (West 1996). Most importantly, paragraph (a) then goes on to state that "These charges *and all other charges arising out of the same incident*" shall be prosecuted in criminal court under the Criminal Code. (Emphasis added) 705 ILCS 405/5-4(6)(a) (West 1996). Thus, the five enumerated charges and *all other charges arising out of the same incident* are covered by paragraph (a).

In the instant case, the question becomes whether petitioner's conviction for attempted murder can be considered an "other charge arising out of the same incident" as his conviction for first degree murder. See 705 ILCS 405/5-4(6)(a) (West 1996). If the attempted murder charge did arise out of the same incident, it would be covered by subsection (a) and thus subsection (c)(i) would govern sentencing for both convictions: first degree murder and attempted murder. Subsection (c)(ii) would apply only if petitioner were convicted of or pled guilty to attempted murder alone.

Here, the attempted murder charge arose out of the same incident as the first degree murder charge. As noted above, both victims — Porche Smith and Emil Clark — were shot during the same incident. The evidence presented at trial established that petitioner and another

person opened fire on Smith and Clark as they were walking past an alley near 63rd Street and Artisan. Both victims were shot at approximately the same time and at the same place. When police investigated the shootings, they treated them as a single incident — not two separate shootings. Although neither party has cited, nor have we been able to discover, any case defining the phrase "arising out of the same incident" in subsection (c)(i), it seems absurd to consider the first degree murder of Porche Smith and the attempted murder of Emil Clark two separate incidents when the victims were shot at the same time and place by the same shooters.

Thus, because the attempted murder charge arose out of the same incident as the first degree murder charge, it is an "offense covered by paragraph (a)." 705 ILCS 405/5-4(6)(c)(i) (West 1996). Since the attempted murder is an offense covered by subsection (a), subsection (c)(i) applies. 705 ILCS 405/5-4(6)(c)(i) (West 1996) ("If after trial or plea the minor is convicted of any offense covered by paragraph (a) of this subsection (6) ***."). And because the attempted murder is an offense covered by subsection (a), subsection (c)(ii) cannot apply since subsection (c)(ii) applies where a minor is convicted only of an offense *not* covered by subsection (a). 705 ILCS 405/5-4(6)(c)(ii) (West 1996) ("If after trial or plea the minor is only convicted of an offense not covered by paragraph (a) of this subsection (6) ***."). Accordingly, pursuant to subsection (c)(i), the trial court could and did properly sentence petitioner under the Unified Code of Corrections. 705 ILCS 405/5-4(6)(c)(i) (West 1996). In addition, because the attempted murder charge was an offense covered by paragraph (a) of section 5-4(6), the State did not need to request a hearing in order to have petitioner sentenced in criminal court. Accordingly, petitioner's sentence for attempted murder is not void.

Defendant cites to three cases in support of his argument that we should remand his case

for re-sentencing pursuant to the Juvenile Court Act as opposed to the Unified Code of Corrections. All of these cases are distinguishable. In *People v. Champ*, 329 Ill. App. 3d 127 (2002), the juvenile defendant was charged with first degree murder and involuntary manslaughter, but was only convicted on the involuntary manslaughter charge. *Champ*, 329 Ill. App. 3d at 128. He was sentenced as an adult under the Unified Code of Corrections and appealed that sentence, arguing, as defendant does here, that he should have been sentenced as a juvenile under the Juvenile Court Act. *Id.* at 129. On appeal, we vacated the defendant's sentence because the State failed to request a hearing on the issue of whether he should have been sentenced as an adult. *Id.* at 135-36.

In *People v. Mathis*, 357 Ill. App. 3d 45 (2005), the juvenile defendant was charged with two counts of possession of a controlled substance with intent to deliver, both automatically transferable offenses under section 5-130(2)(a) of the Juvenile Court Act. *Mathis*, 357 Ill. App. 3d at 47. In exchange for the State's dismissal of one of the two counts and a sentencing recommendation, defendant pled guilty to the second charge of possession with intent to deliver. *Id.* During the hearing at which the defendant pled guilty, the defendant "waive[d] juvenile jurisdiction" and was then sentenced as an adult. *Id.* at 48. The defendant later filed a petition seeking to vacate the judgment. *Id.* On appeal, this court followed its reasoning in *Champ* and reversed the defendant's conviction under the Criminal Code and remanded for adjudication and resentencing pursuant to the Juvenile Court Act. *Id.* at 56-57.

In *People v. Jardon*, 393 Ill. App. 3d 725 (2009), the juvenile defendant was charged with first degree murder and aggravated unlawful use of a weapon. *Jardon*, 393 Ill. App. 3d at 726. His case was automatically transferred to criminal court pursuant to section 5-130(1)(a) of

15

the Juvenile Court Act, where he was found guilty of second degree murder. *Id.* at 726, 732. The State filed a motion 33 days after the defendant was convicted in which it requested that the court sentence the defendant as an adult. *Id.* at 733. The defendant did not object to the lack of timeliness of the State's motion and the trial court subsequently sentenced the defendant as an adult. *Id.* Relying on its previous decisions in *Champ* and *Mathis*, this court reiterated that the notice requirements of section 5-130(1)(c)(ii) of the Juvenile Court Act were mandatory. *Id.* at 741-42. Because of the mandatory nature of the notice requirements, this court found that the defendant's sentence was void because the State had failed to request a hearing within 10 days of conviction on whether the defendant should be sentenced as an adult. *Id.* at 742.

In all three cases, unlike the case at bar, the juvenile defendant had been convicted of or pled guilty to only an offense that was not automatically transferable to criminal court, and thus section 5-4(6) of the Juvenile Court Act governed sentencing. In contrast, petitioner was convicted of two offenses that were both automatically transferable to criminal court. Petitioner maintains that the instant case is substantially similar to *Champ*, *Mathis*, and *Jardon*, but we are not persuaded that those cases require that we reverse petitioner's sentence for attempted murder where, as discussed above, paragraph (c)(i) of the Juvenile Court Act clearly governs sentencing.

CONCLUSION

Accordingly, for the foregoing reasons, we affirm the judgment of the Circuit Court of Cook County.

Affirmed.