NOTICE
Decision filed 01/19/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 180010-U

NO. 5-18-0010

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 16-DT-7 |
| | ) | |
| GREGORY C. MCCRAY, | ) | Honorable |
| | ) | Mark W. Stedelin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the order of the trial court where defendant's claim that his defense counsel rendered ineffective assistance of counsel by failing to inform defendant of the collateral consequences of his guilty plea to driving under the influence is not cognizable in a section 2-1401 petition.

¶ 2    On January 4, 2017, defendant Gregory C. McCray pled guilty to driving under the influence (DUI) in violation of section 11-501(a) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(a) (West 2016)), a Class A misdemeanor, pursuant to a negotiated plea agreement.[1] The trial court entered a conviction the same day and assessed costs only,

_____

[1]Defendant's negotiated plea agreement involved the matter before this court and cases 16-CF-320, 16-CF-169, 16-TR-134, and 16-TR-135, which were also pending against defendant in the circuit court of

1

which were declared uncollectible. On June 26, 2017, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2016)). Defendant alleged in his postconviction petition, *inter alia*, that his defense counsel was ineffective for failing to inform him that his driver's license would be revoked for 10 years due to his guilty plea and subsequent DUI conviction. The trial court struck defendant's postconviction petition for lack of jurisdiction. Defendant then filed a *pro se* petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). The State filed a response on November 22, 2017, and on November 27, 2017, defendant filed an amended petition.[2] Defendant's section 2-1401 petition raised the same issue as his postconviction petition in that defendant alleged that his defense counsel was ineffective for failing to inform him that his driver's license would be revoked for 10 years due to his guilty plea and subsequent DUI conviction. On December 13, 2017, the trial court dismissed defendant's section 2-1401 petition.

¶ 3    Defendant now appeals the judgment of the trial court dismissing his section 2-1401 petition, arguing that his defense counsel was ineffective for failing to ensure that

---

Marion County. The additional cases will not be addressed within this decision unless relevant to the analysis.

[2]Defendant's amended petition was titled "Adjusted Petition for Relief Pursuant to 735 ILCS 5/2-1401." The same issue was raised in both the petition and the amended petition. The parties' briefs indicate "defendant's petitions" and at other times refer to "defendant's petition," but both parties acknowledge the adjusted petition as an amended petition. "Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn." *Bowman v. County of Lake*, 29 Ill. 2d 268, 272 (1963). In this case, the amended petition was complete in itself and contained the same attachments as the initial petition. As such, this court will refer to defendant's amended petition as "section 2-1401 petition."

defendant understood that his guilty plea and subsequent DUI conviction would result in the revocation of this driver's license for 10 years. For the following reasons, we affirm the judgment of the trial court.

¶ 4                                    BACKGROUND

¶ 5     On December 31, 2015, defendant was involved in an automobile accident in Marion County, Illinois. Defendant's vehicle had failed to stop at a stop sign and struck another vehicle. Defendant was injured and transported to a local hospital. At the hospital, defendant was interviewed by law enforcement Officer Justin Enriquez of the Centralia Police Department.

¶ 6     Officer Enriquez noticed that defendant had bloodshot eyes and that he was speaking in a low tone, almost inaudible. Based on his observations, Officer Enriquez read a warning to motorist and requested that defendant provide a urine and blood sample. The warning to motorist advised defendant of the relevant provisions of the Code (625 ILCS 5/11-500 *et seq.* (West 2014)), including the potential consequences of refusing to provide the samples and the potential consequences if the samples indicated a blood ethanol level of .08 or greater, or the consumption of cannabis. After being so advised, defendant agreed to provide blood and urine samples.

¶ 7     The laboratory results from the samples indicated that defendant's blood ethanol level was .064 and that THC[3] was detected in his urine. On January 8, 2016, defendant was charged with misdemeanor DUI in violation of section 11-501(a) of the Code (*id.* § 11-

_____

[3] Tetrahydrocannabinol, commonly referred to as THC, is the principal psychoactive constituent of cannabis.

3

501(a)). Defendant had two prior convictions for DUI in 1999 and 2000. Based upon those convictions, defendant was charged by information in matter 16-CF-169 of aggravated driving under the combined influence of alcohol and drugs in violation of section 11-501(a)(5) of the Code (*id.* § 11-501(a)(5)). The information further alleged that defendant had committed the offense for the third time in violation of section 11-501(d)(2)(B) of the Code, a Class 2 felony (*id.* § 11-501(d)(2)(B)). Defendant was not placed into custody regarding either DUI charge; however, defendant was placed into custody regarding an unrelated case.[4]

¶ 8        On January 4, 2017, defendant pled guilty to DUI in violation of section 11-501(a) of the Code, a Class A misdemeanor (*id.* § 11-501(a)). The trial court entered a conviction the same day and assessed costs only, which were declared uncollectible. The State then dismissed the felony charge of aggravated driving under the combined influence of alcohol and drugs in violation of section 11-501(a)(5) of the Code in matter 16-CF-169. Defendant did not appeal his DUI conviction or sentence.

¶ 9        On June 26, 2017, defendant filed a postconviction petition pursuant to section 122-1 of the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2016)). Defendant argued in his postconviction petition, *inter alia*, that his conviction should be vacated because his driving privileges had been revoked for 10 years when he "never went to court about causing a wreck 4th District report to Secretary of State" and that his case was "completely neglected" by his defense counsel. The trial court issued a written order on July 12, 2017,

_____

[4]Case number 16-CF-320, circuit court, Marion County, Illinois. The exact date that defendant was placed into custody is unclear from the record.

4

striking defendant's postconviction petition for lack of jurisdiction. The trial court correctly noted that the relief provided by the Post-Conviction Hearing Act was restricted to individuals imprisoned in a penitentiary and that defendant was not incarcerated as result of his DUI conviction. See *id.* § 122-1(a).

¶ 10    Defendant then filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)) on September 15, 2017. In his petition for relief from judgment, defendant argued, *inter alia*, that his conviction should be vacated since his defense counsel was ineffective and defendant never went to court for a causing a wreck. Defendant filed an amended section 2-1401 petition on November 27, 2017. In his amended section 2-1401 petition, defendant alleged "ineffective counsel" because "defendant was unaware that his [driving] privilege would be revoke[d] for 10 years."

¶ 11    The State filed a motion to dismiss defendant's petition for relief from judgment or, in the alternative, recharacterize the petition as a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1(a) (West 2016)). In its response, the State noted that defendant failed to affirmatively set forth a meritorious defense under section 2-1401 of the Code of Civil Procedure because defendant had not alleged any new facts that were unknown to the court at the time of trial that would have prevented entry of the judgment. According to the State, defendant instead recited his version of the case history and raised constitutional issues which appeared to attack the competency of his defense counsel.

5

¶ 12  On December 13, 2017, the court conducted a hearing on defendant's section 2-1401 petition. At the hearing, the following interchange occurred:

"THE COURT:  Sir, what relief are you seeking in these post-conviction petitions, these 1401 petitions?

THE DEFENDANT: The privilege to drive.

THE COURT: Excuse me?

THE DEFENDANT: The privilege to drive. I received a ten-year revoke after I made this plea. And I had a six-month suspension that July. And upon my plea that suspension was a week before ending. In which, the Secretary of State give me a ten-year revoke on the 19th of January, and the plea was on the 4th of January.

THE COURT: And so what are you asking?

THE DEFENDANT: I'm—whatever needs to be done in a legal situation, 16-DT-7, with the Secretary of State is double jeopardy, and I'm asking simply—

THE COURT: In 16-DT-7—

THE DEFENDANT: —for my privilege to drive."

¶ 13  Upon completion of the hearing, the trial court stated:

"THE COURT: I'm going to show the State's motion to dismiss granted. I'll show the 1401 petition dismissed.

Sir, this is a misdemeanor matter. You voluntarily entered into the plea. You had counsel at the time. You're [*sic*] complaint also seems to be with the Secretary of the State and not with the—not with what happened here."

¶ 14 Defendant appeals the dismissal of his section 2-1401 petition, arguing that his defense counsel was constitutionally ineffective for failing to inform defendant that his guilty plea and subsequent conviction to DUI would result in the revocation of his driver's license for a period of 10 years. Defendant further argues that his ineffective assistance of counsel claim was cognizable in a section 2-1401 petition because defendant was statutorily unable to file a postconviction petition. We disagree.

¶ 15                              ANALYSIS

¶ 16 We would first note that defendant did not plead guilty at an initial stage of the criminal process, and therefore, admonishments pursuant to section 113-4(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-4(c) (West 2016)) were not required to be given by the trial court. See *People v. Burge*, 2019 IL App (4th) 170399, ¶ 27. Those admonishments would have advised defendant that because of his guilty plea, his right to retain or obtain a driver's license might be negatively impacted. 725 ILCS 5/113-4(c) (West 2016). We also note that pursuant to defendant's plea agreement, he was not incarcerated for his DUI conviction and, therefore, defendant could not file a postconviction petition. See *People v. Lawton*, 212 Ill. 2d 285, 297 (2004). As such, defendant had no other procedural means to attack his conviction other than the use of a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)).

7

¶ 17    Section 2-1401 of the Code of Civil Procedure provides a statutory procedure by which a final judgment or order may be challenged more than 30 days after the entry of the judgment or order which, although a civil remedy, is applicable to both civil and criminal cases. *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003). "To obtain relief under section 2-1401, the defendant 'must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief.' [Citations.]" *Id*. at 565. Unlike a postconviction petition, which is reviewed to determine the existence of alleged deprivations of constitutional rights, a section 2-1401 petition is reviewed to determine the existence of facts unknown to the trial court which would have prevented the rendition of the judgment. *People v. Hayden*, 288 Ill. App. 3d 1076 (1997).

¶ 18    When a trial court enters a dismissal in a section 2-1401 proceeding, we review that order *de novo* on appeal. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007). Applying this standard of review to the matter before us, the trial court correctly denied defendant's section 2-1401 petition as a matter of law.

¶ 19    The Illinois Supreme Court has held that ineffective assistance of counsel claims cannot be raised in a section 2-1401 petition. *Pinkonsly*, 207 Ill. 2d at 567 ("We have long held that section 2-1401 proceedings are not an appropriate forum for ineffective-assistance claims because such claims do not challenge the factual basis for the judgment."). Defendant argues, however, that the supreme court in *Pinkonsly* did not create an absolute bar to presenting an ineffective assistance of counsel claim in a section 2-1401 petition.

8

¶ 20    Defendant cites to *People v. Lawton*, 212 Ill. 2d 285 (2004), in which the supreme court clarified that section 2-1401 should be liberally construed and relief should be granted when necessary to achieve justice. *Id*. at 298. The *Lawton* court specifically recognized the propriety of allowing defendants subject to the Sexually Dangerous Persons Act (725 ILCS 205/0.01 *et seq*. (West 2002)) to utilize section 2-1401 to assert claims of ineffective assistance of counsel. *Lawton*, 212 Ill. 2d at 299. The *Lawton* court noted that although proceedings under the Sexually Dangerous Persons Act were civil in nature, they could result in deprivation of liberty and incarceration. Further, the supreme court noted that defendants subject to the Sexually Dangerous Persons Act could not invoke the Post-Conviction Hearing Act since the Post-Conviction Act applies only to persons imprisoned pursuant to a criminal conviction. *Id*. at 295-97.

¶ 21    Defendant argues that, like the defendant in *Lawton*, he was prohibited from seeking relief through a postconviction petition and therefore should be entitled to raise his claim of ineffective assistance of counsel in a 2-1401 petition. This matter, however, is distinguishable from *Lawton.* The *Lawton* court extended the utilization of section 2-1401 to those defendants who were deprived of liberty and incarcerated as a result of a civil proceeding to provide a means of relief equivalent to the Post-Conviction Hearing Act. Defendant in this matter was convicted of a misdemeanor offense and was not incarcerated or deprived of any liberty.[5]

---

[5]A driver's license is a property right and not fundamental in the constitutional sense, and, as such, difficulties arising from the loss of a driver's license do not curtail fundamental rights. *People v. Lindner*, 127 Ill. 2d 174, 179 (1989); *People v. Orth*, 124 Ill. 2d 326, 335 (1988).

¶ 22  Defendant also cites to *People v. Mathis*, 357 Ill. App. 3d 45 (2005), a case in which the appellate court determined that "under the particular circumstances of [that] case the defendant was entitled to raise his claim by the only means available, a section 2-1401 petition." *Id*. at 50. In *Mathis*, as in this case, the defendant was not incarcerated and relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1(a) (West 2002)) was unavailable. The defendant in *Mathis* was, however, a juvenile improperly convicted as an adult absent a hearing mandated under the Juvenile Court Act of 1987 (705 ILCS 405/5-130(2)(c)(ii) (West 2002)). *Mathis*, 357 Ill. App. 3d at 55. Given the particular circumstances of that case, we agree that the defendant in *Mathis* was entitled to raise his claims in a section 2-1401 petition as necessary to achieve justice. In this matter, however, defendant was not prejudiced by the trial court's inability to review his section 2-1401 because his guilty plea was the result of a negotiation with the State to avoid possible incarceration.

¶ 23  We do not agree that the circumstances of the judgment appealed requires the same conclusion. Defendant in this matter is not claiming that the trial court failed to follow mandated procedures for his conviction or that he was deprived of liberty. Instead, defendant is asserting an ineffective assistance of counsel claim related to the length of time his driving privileges were revoked.

¶ 24  Illinois law remains that section 2-1401 proceedings are generally not an appropriate forum for ineffective assistance of counsel claims because such claims do not challenge the factual basis for the judgment. Defendant has not provided any precedent that an exception exists to a defendant who was convicted of a misdemeanor offense and was not

10

incarcerated. There are no allegations that the trial court failed to follow proper procedures, that defendant had a meritorious defense that was not presented, or that defendant was deprived of liberty because of his conviction. As such, defendant has not presented any authority or otherwise established any exception that would allow him to raise his ineffective assistance of counsel claim in a section 2-1401 petition. Therefore, based on the specific circumstances of this matter, we find that defendant's ineffective assistance of counsel claim remains incognizable in a section 2-1401 petition.

¶ 25 We would, however, express our concern that defendants do not have a process or path for relief and the means to avoid injustice for these types of claims. A defendant's access to justice should not depend upon the procedural form of his or her underlying request, and as the supreme court has already instructed us in *Lawton*, section 2-1401 petitions should be liberally construed and relief should be granted when necessary to achieve justice. *Lawton*, 212 Ill. 2d at 298. To ensure that the procedural form does not control over the factual character of the complaint, we would urge courts to liberally construe section 2-1401 petitions in cases involving the collateral consequences of a guilty plea to include consideration of ineffective assistance of counsel claims where factually appropriate and necessary to ensure justice is not denied.

¶ 26 Because we find that defendant's claim of ineffective assistance of counsel is not cognizable in a section 2-1401 petition, we will not address defendant's claim within his section 2-1401 petition that his defense counsel rendered ineffective assistance of counsel for failing to inform defendant of the potential collateral consequences of his guilty plea and subsequent conviction to DUI. Based on the above, we find that the trial court properly

11

dismissed defendant's section 2-1401 petition.

¶ 27                                CONCLUSION

¶ 28    For the foregoing reasons, we affirm the trial court's order dismissing defendant's

section 2-1401 petition.


¶ 29    Affirmed.