# Illinois Official Reports

## Appellate Court

---

### *People v. Johnson*, 2021 IL App (1st) 200912

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEMETRIUS JOHNSON, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>No. 1-20-0912 |
| Filed | June 11, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-CR-18368(1); the Hon. LeRoy K. Martin Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Joshua Tepfer and John Hazinski, of the Exoneration Project at the University of Chicago Law School, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HOFFMAN delivered the judgment of the court, with opinion.<br>Presiding Justice Delort and Justice Rochford concurred in the judgment and opinion. |

## OPINION

¶ 1     The petitioner, Demetrius Johnson, appeals from an order of the circuit court of Cook County, dismissing his section 2-1401 (735 ILCS 5/2-1401 (West 2018)) petition to vacate his 2006 conviction for unlawful use of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1 (West 2004)). For the reasons which follow, we affirm the judgment of the circuit court.

¶ 2     The facts of this case are not in dispute. In 1991, the petitioner was charged with the murder of Edwin Fred. At trial, he interposed an alibi defense. However, on November 23, 1992, he was convicted and subsequently sentenced to 25 years' imprisonment. Following his release from prison in 2004, the petitioner was arrested on August 11, 2006, and charged with UUWF. The predicate offense was the petitioner's 1992 murder conviction. On September 12, 2006, the petitioner pled guilty to UUWF and was sentenced to 3 years and 6 months' incarceration. The petitioner did not seek to withdraw his guilty plea and did not appeal his UUWF conviction or sentence.

¶ 3     On September 11, 2019, the petitioner filed a section 2-1401 petition requesting that the circuit court vacate his 1992 murder conviction and grant him a new trial. The petitioner alleged, *inter alia*, that during his trial the police withheld from both the defense and the State a report stating that, on the night of Fred's murder, a witness identified an individual named Bryan Johns in a lineup as the person who shot Fred and two police officers falsely testified that Johns was not identified in a lineup as the person who shot Fred. The petitioner also alleged that one of the police officers who was present during the lineup at which Johns was identified authored a report falsely stating that the results of the lineup were "negative." On November 12, 2019, with the agreement of the State, the circuit court granted the petitioner's section 2-1401 petition, vacated his 1992 murder conviction, reinstated the original charges against him, and ordered a new trial. In December 2019, the State dismissed all charges against the petitioner that arose out of the 1991 murder of Fred.

¶ 4     On January 30, 2020, the petitioner filed the section 2-1401 petition that is the subject of the instant appeal. In that petition, he argued that, because his 1992 murder conviction—the predicate offense to the UUWF charge to which he pled guilty—had been vacated and the charges dismissed, his September 12, 2006, UUWF conviction should be vacated. On March 11, 2020, the State filed a motion to dismiss the section 2-1401 petition, and on July 27, 2020, the circuit court granted the State's motion and dismissed the petition. This appeal followed. Subsequent to the filing of this appeal, the circuit court entered an order on April 7, 2021, granting the petitioner's innocence petition on the murder offense.

¶ 5     In urging reversal of the circuit court's order dismissing his section 2-1401 petition, the petitioner argues that when, as in this case, the predicate felony to a charge and conviction of UUWF is vacated in a manner that negates guilt, the UUWF conviction based on that predicate felony "should be vacated as a matter of law." In support of the argument, the petitioner relies almost exclusively on the supreme court's decision in *In re N.G.*, 2018 IL 121939.

¶ 6     In support of the circuit court's order dismissing the petitioner's section 2-1401 petition, the State argues that it is only when a prior conviction under a statute, later declared facially unconstitutional, serves as the predicate offense that a UUWF conviction based on that predicate felony conviction should be vacated. The State correctly asserts that the first degree murder statute under which the petitioner was convicted in 1992 has never been held to be facially unconstitutional. According to the State, the 2019 vacation of the petitioner's 1992

murder conviction did not vitiate his status as a convicted felon in 2006 when he was arrested and convicted of possession of a weapon in violation of the UUWF statute. It argues, therefore, that the 2019 vacation of the petitioner's 1992 murder conviction cannot serve as the basis for a collateral challenge to his 2006 UUWF conviction.

¶ 7      As the petitioner's section 2-1401 petition was dismissed on the pleadings, our review is *de novo. People v. Vincent*, 226 Ill. 2d 1, 18 (2007). In conducting that review we must resolve the question of whether a conviction for UUWF is subject to a successful collateral challenge when the predicate felony conviction upon which the UUWF conviction was dependent has been subsequently vacated for reasons other than facial unconstitutionality and the underlying charge dismissed. The issue is one of law that is also subject to *de novo* review. See *People v. Reed*, 2020 IL 124940, ¶ 20.

¶ 8      We begin our analysis with the language of the UUWF statute pursuant to which the petitioner was convicted. The statute states the following:

> "It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction." 720 ILCS 5/24-1.1(a) (West 2004).

¶ 9      When analyzing a statute, our primary objective is to ascertain and give effect to the intent of the legislature. *People v. Wise*, 2021 IL 125392, ¶ 23. The most reliable indicator of legislative intent is the language of the statute itself. *Id.* "When the language of the statute is clear and unambiguous, we must apply it as written, without resort to aids of statutory construction." (Internal quotation marks omitted.) *Id.*

¶ 10     By its clear language, the UUWF statute's proscription is directed unambiguously at any person who "has been convicted of a felony under the laws of this State or any other jurisdiction." Nothing in the language of the statute suggests that the legislature intended any restriction on the scope of the term "convicted" or to limit its coverage to persons whose convictions are not subject to collateral attack. See *Lewis v. United States*, 445 U.S. 55, 60 (1980).

¶ 11     In the case of *In re N.G.*, 2018 IL 121939, ¶¶ 31, 33, 42, 74, however, the supreme court held that a conviction under a facially unconstitutional statute is void and cannot serve as a predicate offense in any subsequent proceedings, either civil or criminal, and any conviction or finding dependent upon a conviction under a facially unconstitutional statute must be vacated. The supreme court reasoned that, when a predicate conviction is based upon a facially unconstitutional statute, that conviction is not only erroneous; it is void. *Id.* ¶¶ 37, 38. A facially unconstitutional statute is treated as having never existed. *Id.* ¶ 50.

¶ 12     The petitioner concedes that the statute pursuant to which he was convicted in 1992 "is not unconstitutional on its face." Nevertheless, he argues that "[a]lthough [*In re*] *N.G.* concerned a conviction that was void because the statute of conviction was held facially unconstitutional *** its holding applies to any substantive constitutional error." According to the petitioner, "the reasoning of the Illinois Supreme Court in *In re N.G.* indicates *** [that] when a conviction arises from unconstitutional misconduct that negates the defendant's culpability for the crime, that conviction should not be given legal force in subsequent criminal proceedings." He concludes that, because his 1992 "murder conviction was vacated under circumstances that

negate his guilt, his UUW[F] conviction based on that prior offense should be vacated as a matter of law."

¶ 13    The State argues that the rule announced in *In re N.G.* applies only to convictions dependent upon prior convictions under laws held to be facially unconstitutional and urges this court to reject the petitioner's attempt to extend the reasoning in *In re N.G.* to include circumstances, such as are present in this case, where a predicate conviction has been vacated for "individualized procedural reasons." Relying upon the Supreme Court's decision in *Lewis v. United States*, 445 U.S. 55, 60-62 (1980), the State asserts that "the status of the prior felony conviction at the time that the defendant possesses the firearm controls, regardless of whether that prior conviction might later be invalidated." See also *United States v. Lee*, 72 F.3d 55, 58 (7th Cir. 1995). The State argues that "under [*In re*] *N.G.* and *Lewis*, because it was the status of petitioner's prior conviction at the time he possessed the firearm that controlled, regardless of whether that prior conviction is later vacated on procedural grounds, there is no basis to vacate his UUWF conviction, which was predicated on a prior conviction under the facially valid first degree murder statute." We agree with the State.

¶ 14    We believe that the UUWF statute is dependent upon an individual's status as a convicted felon at the time that he possessed a firearm. The fact that the predicate felony conviction is subsequently vacated for reasons other than voidness does not alter the individual's status as a convicted felon on the date he was apprehended with a firearm. The focus of the UUWF statute is not on the reliability of the predicate conviction but, rather, on the mere fact of its existence. See *Lewis*, 445 U.S. at 67.

¶ 15    Convictions based upon facially unconstitutional statutes are void and must, therefore, be treated as if nonexistent, whereas a conviction based upon a constitutionally valid statute, even one procured by perjured testimony, is voidable, not void. No judgment, including a judgment of conviction, is deemed vacated until a court so declares. *In re N.G.*, 2018 IL 121939, ¶ 52; *People v. McFadden*, 2016 IL 117424, ¶ 31. A judgment of a court having jurisdiction over the parties and the subject matter, even though erroneous, is valid until vacated or reversed. *Malone v. Cosentino*, 99 Ill. 2d 29, 32 (1983). The fact that the petitioner's 1992 murder conviction was voidable and not void factually distinguishes this case from in *In re N.G.* When, as in *In re N.G.*, the predicate conviction is based upon a facially unconstitutional statute, the conviction is void and can give rise to no criminal status or any legal impediment. *In re N.G.*, 2018 IL 121939, ¶ 73. When, as in this case, the predicate conviction is based upon a valid statute, it may be voidable by reason of a constitutionally deficient procedure, but it is not void. Such a conviction is valid until it has been declared otherwise by direct appeal or collateral attack. *McFadden*, 2016 IL 117424, ¶ 31. We conclude, therefore, that when the predicate conviction is based upon a facially unconstitutional statute, the rule and rationale in *In re N.G.* is applicable to a collateral proceeding seeking a vacation of a dependent conviction. When, as in this case, the predicate conviction, although erroneous, is based upon a valid statute, the rule and rationale of the supreme court in *McFadden* is applicable in any collateral proceeding addressed to a dependent conviction.

¶ 16    The petitioner's 1992 conviction for the murder of Fred was based upon a constitutionally valid statute. At the time of his 2006 arrest and conviction for UUWF, his 1992 conviction, the predicate conviction, had not been vacated or reversed. As a consequence, his status in 2006 was that of a convicted felon, and the subsequent vacation of the 1992 conviction did not alter that status. We conclude, therefore, that when the petitioner was arrested in 2006, he was a

convicted felon, satisfying the status element of the UUWF statute, and his plea of guilty established his possession of a weapon. Both elements of the UUWF statute were satisfied, and the subsequent vacation of his 1992 murder conviction provides no basis for collateral relief from his UUWF conviction.

¶ 17 In his reply brief, the petitioner advised this court that on April 7, 2021, subsequent to the filing of the instant appeal, the circuit court granted his innocence petition and issued a certificate of innocence for Fred's murder. He argues that the certificate of innocence negated his culpability for Fred's murder and his UUWF conviction dependent upon that conviction "must be vacated." Unfortunately, we must reject the argument in the context of this appeal.

¶ 18 The appellate court is a court of error, not a court of original jurisdiction. The propriety of the circuit court's dismissal of the petitioner's section 2-1401 petition must be judged based on the record before the circuit court, not based on events occurring subsequently. As an appellate court, we cannot consider on review evidence that was not before the circuit court. *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 852 (2010); *Kessler v. Zekman*, 250 Ill. App. 3d 172, 189 (1993). The petitioner's certificate of innocence was not issued until 8 months after the circuit court dismissed his section 2-1401 petition and he filed the instant appeal. We cannot consider the certificate of innocence in determining the propriety of the circuit court's July 27, 2020, order dismissing the petitioner's section 2-1401 petition.

¶ 19 In the alternative, the petitioner also argues that, even if he was not entitled to relief as a matter of law, his UUWF conviction should have been vacated "in the interests of justice." He bases the argument upon the supreme court's holding in *People v. Lawton*, 212 Ill. 2d 285, 297-98 (2004), that "[o]ne of the guiding principles in the administration of section 2-1401 relief is that the petition invokes the equitable powers of the circuit court to prevent enforcement of a judgment when doing so would be unfair, unjust, or unconscionable" and that the purpose of section 2-1401 is to grant relief when necessary to achieve justice. See also *People v. Mathis*, 357 Ill. App. 3d 45, 50 (2005). However, the holdings in this regard in both *Lawton* and *Mathis* were articulated in support of the use of section 2-1401 as a vehicle to raise a challenge to a judgment when no other procedural vehicle was available. See *Lawton*, 212 Ill. 2d at 297-98; *Mathis*, 357 Ill. App. 3d at 50. Neither case stands for the proposition that relief may be granted under section 2-1401 when the relief sought is legally unavailable, nor has our research found support for such a proposition. In this case, the petitioner does not request that we find that section 2-1401 could be used as a procedural vehicle when no other procedural vehicle was available to him; rather, he requests that we use the holdings in *Lawton* and *Mathis* to provide relief to which he was not entitled as a matter of law. This we decline to do.

¶ 20 Based upon the foregoing analysis, we affirm the circuit court's dismissal of the petitioner's section 2-1401 petition collaterally attacking his 2006 conviction for UUWF.

¶ 21 Affirmed.