2026 IL App (1st) 250994-U

No. 1-25-0994

Order filed March 16, 2026

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| IYORE IYARE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 M1 15957 |
| | ) | |
| ADVANTAGE RIVER OAK TOYOTA, | ) | Honorable |
| | ) | Jasmine Villaflor Hernandez, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Howse and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the trial court's judgment where the record on appeal is insufficient for review.

¶ 2    Following a bench trial, plaintiff Iyore Iyare appeals *pro se* the trial court's judgment in favor of defendant Advantage River Oak Toyota (also appearing in the record as Advantage Toyota of River Oaks and Advantage of River Oaks, Inc.) (Advantage) on her complaint for damages that

Advantage allegedly caused to her vehicle. On appeal, Iyare argues that the trial court erred in not holding Advantage "accountable" and refusing to review her exhibits. We affirm.

¶ 3    The record on appeal includes one volume of the common law record and a supplemental record that Advantage filed containing its trial exhibits. The record lacks a report of proceedings or any acceptable substitute.

¶ 4    On December 17, 2024, Iyare filed *pro se* a complaint against Advantage seeking $5,000 in damages. She alleged that in May 2024, she took her 2018 Toyota Highlander to Advantage for an oil change and a gas gauge recall. While her vehicle was at Advantage, damage occurred to the right side of the passenger door, along with a cracked windshield, scratches on the side mirrors, a hole in the rear left tire, paint splashed inside and outside the vehicle, "spray shine" inside the vehicle, a cracked "body frame" of her driver's side mirror, and broken windshield wipers. The floor mats, tire lock, and car jack were missing. Iyare also alleged that her vehicle gained an additional 3,000 miles while at Advantage. Iyare attached receipts for repairs to her vehicle from Roseco Auto Rebuilders Inc., Patriot Toyota Chicago, and Safelite AutoGlass. Iyare later filed additional exhibits, including receipts for services by Advantage and 17 photographs of her vehicle.

¶ 5    On March 7, 2025, the court entered an order granting Iyare's oral motion to amend the complaint to allege damages totaling $8,224.

¶ 6    The court set the case for trial on April 2, 2025, and directed the parties to appear with copies of their exhibits.

¶ 7    On April 2, 2025, the court entered judgment for Advantage "after trial." The written order noted that Iyare, Advantage's counsel, and the "witness Mr. Taylor" were present in court.

¶ 8 On appeal, Iyare challenges the judgment in Advantage's favor, requesting "full accountability and resolution" and restoration of her vehicle to its original condition or appropriate financial compensation. She maintains that the trial court erred by refusing to consider her evidence at trial.

¶ 9 As an initial matter, Iyare's *pro se* appellant brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which provides mandatory procedural rules that govern the content and format of appellate briefs. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Among the deficiencies in her brief, it lacks a jurisdictional statement, statement of facts with citations to the record supporting each factual assertion, and an argument section with citations to the record and relevant legal authority. See Ill. S. Ct. R. 341(h)(4), (6), (7) (eff. Oct. 1, 2020). Rather, Iyare's brief mainly recites her version of events relating to Advantage's service of her vehicle. Iyare also references and includes photographs in her brief that are not part of the record, which we cannot consider. *People v. Johnson*, 2021 IL App (1st) 200912, ¶ 18.

¶ 10 *Pro se* litigants must comply with the same rules of procedure as other litigants. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. Supreme court rules are not mere suggestions, and we may strike a brief and dismiss an appeal for failure to comply with the rules. *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14. However, we decline to do so as we have the benefit of a cogent brief from Advantage. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 11 That said, our review is impeded by the insufficient record on appeal.

¶ 12 We will not disturb a trial court's finding on damages unless it was against the manifest weight of the evidence. *Slyce Coal Fired Pizza Co. v. Metropolitan Square Plaza, LLC*, 2025 IL

App (1st) 221279, ¶ 171. A finding is against the manifest weight of the evidence where "the opposite conclusion is clear" or the judgment "appears to be unreasonable, arbitrary, or not based on evidence." (Internal quotation marks omitted.) *Id.*

¶ 13    Iyare, as appellant, bears the burden of presenting a sufficient record so that this court may evaluate the alleged error. *Maniscalco v. Porte Brown, LLC*, 2018 IL App (1st) 180716, ¶ 30. As noted, the record consists only of the common law record and a supplement to the record from Advantage with no report of proceedings or acceptable substitute.

¶ 14    Without a report of proceedings, bystander's report, or record of the trial (Ill. S. Ct. R. 323 (eff. July 1, 2017)), this court has no way of knowing the testimony, arguments, and any other evidence that was presented regarding any damage to Iyare's vehicle. See *People v. Carter*, 2022 IL App (1st) 210261, ¶ 47. We therefore are unable to determine whether any error occurred. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant.").

¶ 15    Iyare asserts that she submitted a record sufficient for our review, stating that "[i]n small claims bench trials, the court can consider documentary evidence without a full transcript" and she "fully provided" alternative means for establishing the record. Iyare also contends that Advantage "misrepresents the facts, selectively cites evidence, and relies on incomplete exhibits" to uphold the trial court's judgment whereas her claims are "fully supported by clear and verifiable exhibits, a documented timeline of events, and communications."

¶ 16    Any doubt arising from the record's incompleteness, however, must be construed against Iyare as appellant. *Id.* at 392. Given the record's incompleteness, we must presume that the trial

court's judgment in favor of Advantage conformed with the law, had a sufficient factual basis, and was not against the manifest weight of the evidence. *Id.* Consequently, we have no basis to disturb the trial court's judgment. *Id.* at 391-92.

¶ 17    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 18    Affirmed.